IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STATE OF ARKANSAS,** *ex rel.*                                                                    **PLAINTIFF**
**TIM GRIFFIN, ATTORNEY GENERAL**

v.                               CASE NO. 4:22-CV-01287-BSM

**SYNGENTA CROP PROTECTION AG,** *et al.*                                      **DEFENDANTS**

<u>ORDER</u>

Defendants' joint motion to transfer to the Middle District of North Carolina [Doc. No. 19] is denied.

I.   BACKGROUND

The State of Arkansas (the "State") sued defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta"), and Corteva, LLC, alleging that defendants' loyalty programs for their crop-protection products violated federal and state antitrust and consumer-protection laws. Before the State filed this lawsuit, the Federal Trade Commission ("FTC") and ten state attorneys general (later joined by two more states) sued defendants in the Middle District of North Carolina alleging antitrust violations related to the loyalty programs. *FTC et al. v. Syngenta Crop Protection AG et al.*, No. 1:22-cv-828-TDS-JEP (M.D.N.C.). Consumers of crop-protection products then filed twenty-nine putative class actions against defendants in six states, also bringing claims related to the loyalty programs. These twenty-nine suits—nine of which were filed before this one—were consolidated into multidistrict litigation ("MDL") proceedings in the Middle District of North Carolina. *In re Crop Protection Products Loyalty Program*

*Litigation*, No. 1:23-md-3062 (M.D.N.C.). Defendants now seek transfer to the Middle District of North Carolina, where the other suits are pending.

## II.  LEGAL STANDARD

For the for the convenience of the parties and witnesses and in the interest of justice, a district court can transfer a civil case to any other district in which it could have been brought. 28 U.S.C. § 1404(a); *see Arkla Exploration Co. v. Texas Oil & Gas Corp.*, 734 F.2d 347, 353 (8th Cir. 1984)(transfer decisions are left to the discretion of the trial court). When deciding whether to transfer a case, the court should weigh "case-specific factors" relevant to convenience and fairness. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Considerable deference is given to the plaintiff's choice of forum, and the party seeking a transfer has the burden of proving that a transfer is warranted. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

## III.  DISCUSSION

Defendants' motion to transfer is denied because the factors weighing in favor of transfer do not overcome the deference that must be given to the State's choice of forum. The parties agree that venue is proper in the Middle District of North Carolina, and defendants argue that this case should be transferred under 28 U.S.C. § 1404(a) and the first-filed rule. The State contends that the 28 U.S.C. § 1407(g), as recently amended by the State Antitrust Enforcement Venue Act of 2022 ("SAEVA"), exempts transfer and that transfer is not warranted under § 1404(a) or the first-filed rule.

A.  <u>28 U.S.C. § 1404(a)</u>

2

Transfer is not warranted under 28 U.S.C. § 1404(a) because the convenience of the parties and witnesses and the interest of justice are not so compelling as to overcome the State's choice of forum.

*1. Convenience*

The § 1404(a) convenience factors do not weigh in favor of transfer. To determine whether the balance of convenience weighs in favor of transfer, courts consider the convenience of the parties, the convenience of the witnesses, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law. *Terra Int'l, Inc.*, 119 F.3d at 696 (8th Cir. 1997).

The convenience of the parties factor is neutral. North Carolina is more convenient for Syngenta because it is headquartered there. Even though Corteva is located in Indiana and Delaware, North Carolina is more convenient because it would be easier for Corteva to defend itself in one jurisdiction instead of two. But Arkansas is more convenient for the State, so neither venue is more convenient for the parties.

The convenience of witnesses factor tilts slightly in favor of transfer because it would be easier for witnesses to appear in one venue instead of two. If this case were transferred, however, witnesses would still have to appear in three proceedings in North Carolina: the FTC suit, the MDL cases, and this case. And when the cases in the MDL are transferred back to their original venues for trial, witnesses may be required to appear in multiple venues. Therefore, considerations of witness convenience do not heavily favor transfer.

The remaining convenience factors are neutral. Syngenta made business decisions

3

related to the loyalty programs in North Carolina, Corteva made those decisions in Indiana and Delaware, and Arkansas farmers purchased defendants' crop-protection products in Arkansas. Records and documents are likely to be equally accessible from either venue. Most of the claims arise under federal law, and the district court in North Carolina is capable of applying Arkansas law to the Arkansas claims. *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001). In sum, the convenience factors do not weigh heavily in favor of transfer.

*2. Interest of Justice*

On balance, the § 1404(a) interest-of-justice factors do not weigh in favor of transfer either. To evaluate whether transfer is in the interest of justice, courts consider factors such as judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, and the advantages of having a local court determine questions of local law. *Terra Int'l, Inc.*, 119 F.3d at 696.

Considerations of judicial economy tilt in favor of transfer. Transfer would mitigate the risk of inconsistent rulings because a single judge would rule on issues common to the FTC suit, the MDL cases, and this case. *See Hoban v. U.S. Food & Drug Admin.*, No. 18-cv-269, 2018 WL 3122341, at *3 (D. Minn. June 26, 2018) (holding that transfer under § 1404(a) will "prevent the unnecessary expenditure of judicial resources, avoid wasteful and duplicative litigation, and avert the possibility of inconsistent judgments.") (internal citation omitted). Transfer would likely speed up proceedings because the North Carolina judge is already familiar with the facts and legal issues, although some delays might result from the

need to coordinate with the other cases.

But the other interest-of-justice factors do not weigh heavily in favor of transfer. While there is some advantage in having an Arkansas court determine questions of Arkansas law, this factor is given little weight. The State's Sherman Act and Clayton Act claims involve the same conduct as the Arkansas antitrust and deceptive trade claims, and a North Carolina court is capable of applying Arkansas law. Comparative costs do not tilt in favor of transfer—litigating in North Carolina would be cheaper for defendants, while litigating in Arkansas would be cheaper for the State. Relative docket congestion between the Eastern District of Arkansas and the Middle District of North Carolina leans in favor of transfer, but this factor is not dispositive. *In re Apple, Inc.*, 602 F.3d at 915.

The recent amendment of 28 U.S.C. §1407(g), while not dispositive, counsels against transfer. Transfer is not barred by § 1407(g), which exempts antitrust lawsuits brought by the United States or a state from being transferred or consolidated into an MDL. Because defendants do not seek to transfer this suit to the MDL, § 1407(g) does not apply. Although § 1407(g) does not prevent transfer under § 1404(a), the enactment of SAEVA—which expanded the exemption to antitrust suits brought by a state—shows Congress's intent to defer to a state's choice of venue in antitrust suits. *See United States v. Google LLC*, 661 F. Supp. 3d 480, 493 (E.D. Va. 2023) (denying motion to transfer and concluding that concerns about duplication of effort and use of judicial resources are "outweighed by Congress's clear intent to prioritize speedy and efficient resolution of government antitrust suits over facilitating judicial economy as reflected by its enactment of 28 U.S.C. § 1407(g) and

reiterated by the recent expansion of that exception to state governments.").

The State chose to sue defendants in this district, and that choice is given considerable deference. *Terra Int'l, Inc.*, 119 F.3d at 695. Because the other factors do not tilt heavily in favor of transfer, transfer is not warranted under §1404(a).

   B. <u>Transfer Under the First-Filed Rule</u>

Transfer to the Middle District of North Carolina is not warranted under the first-filed rule either. The first-filed rule allows a district court to transfer a case when parallel litigation has been instituted in a separate court "to conserve judicial resources and avoid conflicting rulings." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). This rule "is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). A court may decline to follow the first-filed rule if the balance of convenience weighs against transfer. *Novartis AG v. Ezra Ventures, LLC*, No. 4:15-CV-00095-KGB, 2015 WL 4197692, at *3 (E.D. Ark. July 10, 2015).

This suit and the FTC suit are not identical but substantially overlap. *See Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002). While the plaintiffs are different—the State of Arkansas in this suit, the FTC and twelve states in the other—Syngenta and Corteva are defendants in both suits. Both suits bring claims under the Sherman and Clayton Acts based on the same alleged anticompetitive conduct, and the state antitrust and deceptive-practices claims in this suit arise from the same conduct. Because the claims in both suits involve the same legal and factual issues, transfer would

avoid conflicting rulings and promote judicial economy. But, as discussed above, the balance of convenience does not weigh in favor of transfer, and neither does the interest of justice. Accordingly, transfer under the first-filed rule is denied.

## IV. CONCLUSION

For the foregoing reasons, defendants' joint motion to transfer is denied.

IT IS SO ORDERED this 17th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE