**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>)<br>) |
| SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

No. 4:22-cv-1287-BSM

**STIPULATED PROTECTIVE ORDER**

Plaintiff State of Arkansas, *ex rel.* Tim Griffin, Attorney General ("Plaintiff") and

Defendants Syngenta Crop Protection AG, Syngenta Crop Protection, LLC, and Corteva,

Inc. (collectively, "Defendants" and with Plaintiff, each a "Party" and collectively, the

"Parties") will seek discovery from each other as well as certain non-parties that the Parties

contend is relevant to Plaintiff's claims and Defendants' defenses, including discovery of

documents and information that may be confidential and proprietary. The Court finds there

is good cause for entry of this Protective Order because it will allow for the protection of

proprietary and confidential information and will facilitate the exchange of discovery.

1.    **Scope.**  All documents and materials produced in the course of discovery of

this case, including initial disclosures, responses to discovery requests, all deposition

testimony and exhibits, and information derived directly therefrom, as well as all materials produced, received or exchanged in response to a subpoena issued by a Party and served on non-parties (hereinafter collectively "Documents"), are subject to this Order concerning Confidential Information as set forth below.

2.    **Definitions**. As used herein:

(a)    <u>Action</u> means *Griffin v. Syngenta Crop Protection AG, et al.*, Civil Action No. 4:22-cv-1287-BSM (E.D. Ark.).

(b)    <u>Commission or FTC</u> means the Federal Trade Commission, or any of its employees, agents, or attorneys, and all other persons acting on its behalf.

(c)    <u>CONFIDENTIAL Information</u> means (i) any information, testimony, or tangible thing produced during discovery that reveals a trade secret or confidential research, analysis, development, or commercial or business information that is commercially sensitive, and has not been released into the public domain (unless through unauthorized disclosure, in which case it shall still be deemed CONFIDENTIAL Information); (ii) personal identifying information, information that has the potential to subject any person to embarrassment, humiliation, or ridicule, or personal information that is protected by law from disclosure by statute or regulation, or is otherwise entitled to protection from public disclosure; (iii) any other information for which a good faith claim of need of protection can be made under Federal Rule of Civil Procedure 26(c)(1) and/or applicable law; or (iv) information required by agreement to be kept confidential.

(d)    Corteva means Corteva, Inc. and its subsidiary Corteva Agriscience LLC.

(e)    Designating Party means a Party or Non-Party that designates pursuant to this Protective Order information or items produced in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, or that has produced Investigation Material and designates such Investigation Material pursuant to Paragraph 4 of this Protective Order.

(f)    Discovery Material means information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in the Action.

(g)    HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information means any CONFIDENTIAL Information for which a good faith claim can be made that, if disclosed, such CONFIDENTIAL Information is likely to cause significant competitive or commercial harm if revealed, i.e., trade secrets; sensitive and non-public research or analysis; competitively sensitive customer information; financial, marketing, or strategic business planning information; current or future pricing information; information relating to research, development, or testing of, or plans for, existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a Party or Non-Party in its present or proposed commercial production of such products; information relating to pending or abandoned patent applications that

3

have not been made available to the public; personnel files; and communications that disclose any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information, or such other information that the parties may agree in writing to be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY.

(h)     In-House Counsel means attorneys who are employees in the legal departments of Defendants Syngenta or Corteva (and their support staff). In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

(i)     Non-Party means any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

(j)     Outside Counsel of Record means the attorneys employed by outside law firms representing a Party and appearing in the Action, as well as attorney support staff employed by the same law firms.

(k)     Party means any Plaintiff or Defendant in the Action. Parties means collectively the Plaintiffs and Defendants in the Action.

(l)     Producing Party means any Party or Non-Party that produces Discovery Material in this action.

(m)     Professional Vendors means persons or entities that provide litigation support services directly related to the Action, such as e-discovery vendors, couriers, and copying service vendors, and their employees and subcontractors.

(n)    Protected Material means any Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY.

(o)    Receiving Party means a Party that receives Discovery Material.

(p)    Related Actions means the related cases means *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP ("Government Action"), and *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP ("MDL Action"), pending in the Middle District of North Carolina, including all related consolidated actions and any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(q)    Related Action Counsel of Record means the attorneys employed by the FTC or State Plaintiffs in the Government Action or by outside law firms representing the plaintiffs in the MDL Action, as well as any attorney support staff employed by the same law firms, the FTC or State Plaintiffs.

(r)    State of Arkansas means the State of Arkansas attorney general and its office, attorneys (including outside attorneys), employees, law clerks, interns, and all other persons acting on the behalf of any such state plaintiff.

(s)    State Plaintiffs mean each and every state plaintiff in the Government Action, and any of the employees, agents, attorneys, and all other persons acting on the behalf of any such state plaintiff.

(t)    <u>Syngenta</u> means each of the Syngenta corporate entities named in the Action, specifically: Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

3.    **Persons/Entities Covered**. This Order is binding upon all current and future Parties to the Action, including their respective successors or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. This Order shall also apply to any materials or testimony produced in discovery in the Action by Non-Parties. This Order does not limit any Party's or Non-Party's rights with respect to materials that it produces in discovery in the Action. When conducting discovery from Non-Parties, the Parties shall provide notice of the terms of this Order to such Non-Parties.

4.    **Duration**. Even after final disposition of the Action, the confidentiality obligations set forth in this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (a) a dismissal of all claims and defenses in the Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **Designating Protected Material**.

(a)    <u>Exercise of Reasonable Restraint and Care in Designating Material for Protection</u>. Each Designating Party must take reasonable care to limit its designation of Discovery Material as Protected Material to specific material that qualifies under the appropriate standards.

If a Designating Party believes that information it previously designated as Protected Material does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Parties that it is withdrawing the previous designation and, if applicable, of the new designation.

(b)    Applying the designation of confidentiality to a Document or information does not mean that the Document or information has any status or protection by statute or otherwise except to the extent provided in this Protective Order or by any law or court order.  Any copies that are made of any documents containing any markings of confidentiality shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(c)    <u>FOIA</u>. Protected Material shall be considered "[f]iles that if disclosed would give advantage to competitors or bidders," under Ark. Code Ann. § 25-19-

105(b)(9)(A) for the purpose of the Arkansas Freedom of Information Act of 1967, Ark. Code Ann. § 25-19-101, *et seq.*

        (d)    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires the following:

        (i)    Any document may be designated as CONFIDENTIAL Information by marking it "CONFIDENTIAL" on the face of the document at the time of production. Any document may be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY by marking it "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" on the face of the document at the time of production. A Designating Party may also designate electronic documents and other non-paper media as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, as appropriate, by: (i) affixing the confidentiality designation to the material or its container; (ii) including the appropriate confidentiality designation in the load file provided with the electronic production; (iii) including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production; or (iv) using any other means that reasonably notifies the Receiving Party of the designation.

(ii)    A Designating Party may, during the course of a deposition (or any other testimony) designate any portion of testimony Protected Material by so stating orally on the record on the day that the testimony is being given. Following any such oral designation, the confidential portions of the testimony shall be taken only in the presence of persons entitled to access such information under this Order, provided that persons authorized only to receive CONFIDENTIAL Information shall only be excluded from the portion of the testimony that contains questions and answers that reveal the content of information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY. A Designating Party may designate any or all portions of the transcript and/or video of any deposition (or any other testimony) as containing Protected Material in accordance with this Order by notifying all other Parties in writing, within thirty (30) business days of the Designating Party's receipt of the final transcript, that the transcript contains Protected Material and designating the specific pages and/or lines as containing CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information. All transcripts and/or videos of testimony in the Action shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information and subject to this Order until thirty (30) business days after a final transcript of the deposition (or other testimony) is received by the Designating Party. Any portion of any deposition testimony that is not designated as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information in accordance with

this Paragraph within thirty (30) business days after a final transcript and/or video of the deposition (or other testimony) is received by the Designating Party shall not be entitled to the protections afforded Protected Material under this Order, except upon a showing of good cause. The Parties will collectively undertake best efforts to ensure that if Protected Material unique to a Non-Party will be discussed at a deposition, that Non-Party can be present at any such portions of the deposition.

(iii)    Any document produced (or material containing or summarizing information from a document produced), as well as all transcripts of any investigational hearings conducted, during the Commission's and the State Plaintiffs' pre-Complaint investigations (the "Investigation Material") shall be treated in the first instance as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information under this Order for 90 (ninety) calendar days from the date of production in the Action. At any time during this 90-day period, the Designating Party that originally provided the Investigation Material may designate as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information any Investigation Material or portions thereof (identified by Bates number, transcript pages and lines, or other means of easy identification) that constitute CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information, respectively. To be effective, such designations must be provided in writing to counsel for all Parties along with a metadata overlay file for such designations. The confidentiality of Investigation

Material may later be challenged under the provisions of Paragraph 6 below. Nothing in this Order shall constitute any waiver of any applicable privileges or protections from discovery that may apply to Investigation Materials pursuant to the FTC's Rules of Practice, the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), or other legal obligation imposed upon or privilege available to the Commission or the State Plaintiffs, and Defendants reserve all rights concerning any assertions of such privileges or protections.

(iv)    For all other information or tangible items, the Designating Party may designate information as Protected Materials by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the label CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY. If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(v)    Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if it is in the public domain (so long as not through unauthorized disclosure), is already known to a Receiving Party through proper means and on a non-confidential basis, or is available to a Receiving Party from a source rightfully in possession of such information on a non-confidential basis. For the avoidance of doubt, Investigation Material disclosed with confidential treatment requested is material disclosed on a confidential basis.

6.    **Challenging Confidentiality Designations**

(a)    A Receiving Party shall not be obligated to challenge the propriety of a designation of Discovery Material as Protected Material at the time the designation is made. A Receiving Party may challenge a confidentiality designation at any time, and a Receiving Party's failure to have made such a challenge at any previous time, including after acceptance or receipt of material with a confidentiality designation, shall not be deemed a waiver of the Receiving Party's right to challenge any confidentiality designation.

(b)    A Party seeking to challenge a designation of Discovery Material as Protected Material shall give notice in writing of such challenge to counsel for the Designating Party explaining the basis for the challenging party's belief that the confidentiality designation was not proper. The challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must meet-and-confer within five (5) business days of the service of such notice. If the challenging Party and the Designating Party are unable to resolve the challenge, then the challenging Party may move the Court for an order removing the challenged material from the restrictions of this Order. The burden of persuasion in any such challenge shall be on the Designating Party.

(c)    Until the challenging Party and the Designating Party, or the Court, resolves a challenge to the designation of Discovery Material as Protected Material, the asserted designation shall remain in effect.

7. **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Protective Order or any action or agreement of a Party under this Protective Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

8. **Disclosure of CONFIDENTIAL Information**.  Unless otherwise ordered by a court or permitted in writing by the Designating Party, a Receiving Party may disclose any CONFIDENTIAL Information only to:

(a)    Outside Counsel of Record;

(b)    In-House Counsel (1) who have no involvement in competitive decision-making for a Defendant, as defined in *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); (2) who have responsibility for preparation, trial, or resolution of the Action; and (3) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)    Any person (other than an employee of a Defendant) retained by a Party to serve as a testifying or consulting expert in the Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in the Action, provided that they have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel and all persons assisting the Court in the Action, including court reporters, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as the "Court");

(e)     Professional Vendors to whom disclosure is reasonably necessary for the Action;

(f)     The Designating Party and its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(g)     The Designating Party's current directors or officers;

(h)     Any person who has been designated as a Rule 30(b)(6) witness by the Designating Party;

(i)     Any witness and their counsel that has or had possession of the material or access in the ordinary course of business to the material;

(j)     The State of Arkansas;

(k)     Related Action Counsel of Record, provided (1) such counsel have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) if information is shared pursuant to this paragraph prior to a protective order having been entered in the Related Actions, such information shall be shared on an attorneys' eyes only basis and not disclosed by Related Action Counsel of Record to anyone other than Related Action Counsel of Record prior to a protective order having been entered in the Related

Actions.  Upon entry of a protective order in the Related Actions, any information shared on an attorneys' eyes only basis prior to the entry of that protective order shall be governed by the terms of the Related Actions protective order;

(l)    Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in the Action (this category hereinafter referred to as "Court Reporters");

(m)    Any mediators engaged by the Parties or appointed by the Court, and their support staff (this category hereinafter referred to as "Mediators"), provided that the Mediator(s) has executed the agreement annexed hereto as Exhibit A;

(n)    Any person and their counsel who authored or previously received the material;

(o)    Any witness appearing for their deposition in this Action to whom disclosure is reasonably necessary and who was an original recipient of the specific Document when transmitted in the normal course of business.  Witnesses shall not retain a copy of documents containing Protected Information, except witnesses may receive a copy of all exhibits at their depositions with review of the transcripts; and

(q)    Any other person to whom the Designating Party consents in writing or by order of the Court.

9. **Disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information**. Unless otherwise ordered by a court or permitted in writing by the Designating Party, a Receiving Party may disclose any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information only to:

(a)    Outside Counsel of Record;

(b)    Any person (other than an employee of a Defendant) retained by a Party to serve as a testifying or consulting expert in the Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in the Action, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Court;

(d)    Professional Vendors to whom disclosure is reasonably necessary for the Action;

(e)    the Designating Party and its employees, the author or recipient of a document containing the information or a custodian, or other person who otherwise possessed or knew information;

(f)    The Designating Party's current directors or officers;

(g)    Any person who has been designated as a Rule 30(b)(6) witness by the Designating Party;

(h)     Any person and their counsel that authored or otherwise has or had possession of the material or access in the ordinary course of business to the material;

(i)     The State of Arkansas;

(j)     Related Action Counsel of Record, provided (1) such counsel have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) if information is shared pursuant to this paragraph prior to a protective order having been entered in the Related Actions, such information shall be shared on an attorneys' eyes only basis and not disclosed by Related Action Counsel of Record to anyone other than Related Action Counsel of Record prior to a protective order having been entered in the Related Actions.  Upon entry of a protective order in the Related Actions, any information shared on an attorneys' eyes only basis prior to the entry of that protective order shall be governed by the terms of the Related Actions protective order;

(k)     Court Reporters;

(l)     Mediators, provided that the Mediator(s) has executed the agreement annexed hereto as Exhibit A;

(m)     Any witness appearing for their deposition in this Action to whom disclosure is reasonably necessary and who was an original recipient of the specific Document when transmitted in the normal course of business.  Witnesses shall not retain a copy of documents containing Protected Information, except witnesses may receive a copy of all exhibits at their depositions with review of the transcripts; and

(n)     Any other person to whom the Designating Party consents in writing or by order of the Court.

In respect to both Paragraphs 8 and 9, an agreement on the record at a deposition or hearing in open court to abide by the terms of this Order shall be equivalent to signing Exhibit A.  Any person who fails or refuses to sign Exhibit A shall not receive any Confidential or Highly Confidential Documents but shall nevertheless be bound by the terms of this Order.

10.    **Use of Confidential Material and Highly Confidential Material**.

(a)     Each Receiving Party shall only use materials produced in discovery in the Action, including but not limited to all Protected Materials, in furtherance of the prosecution, defense, or attempted settlement of the Action, and shall not use such materials at any time for any other purpose whatsoever, including, without limitation, any commercial or business purpose, and such materials shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All Protected Materials must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.

(b)     This Order shall not restrict any attorney who is a qualified recipient under the terms of this Order from rendering advice to his or her client that is a Party with respect to the Action, and in the course thereof, from generally relying upon his or her

examination of Protected Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

(c)    If any Protected Material is filed in the public record by the Designating Party, such public filing shall constitute the Designating Party's waiver of the designation of the publicly filed material for its use by any Party in the Action; provided, however, that inadvertent disclosure of Protected Material through a public filing shall not constitute a waiver if the inadvertent disclosure is corrected within three (3) business days by withdrawing the public filing containing Protected Material, and the filing is replaced with a filing under seal. However, such public filing will not constitute a waiver of any confidentiality designations made with respect to any non-publicly filed portions of the publicly filed document or concerning any other material not actually publicly filed.

(d)    Nothing in this Order shall be construed to prejudice any Party's right to use Protected Material in any hearing or other pre-trial proceeding before the Court, or any Party's right to challenge any such use. If a Party intends to use Protected Material in any hearing or other pre-trial proceeding before the Court, it should alert the Court and the Designating Party in advance of the anticipated use so that the appropriate protections can be put in place. For the avoidance of doubt, this sub Paragraph shall not apply to Court

filings, and the Parties will comply with all requirements as they relate to materials to be filed under seal.

11.     **Discovery Material and the Related Actions**.

(a)     Materials produced in discovery in the Action, including, but not limited to, all Protected Materials, may be disclosed to Related Action Counsel of Record, provided that Protected Material may only be disclosed pursuant to Paragraphs 6 and 7 of this Order, and Related Action Counsel of Record may only use such materials in furtherance of the prosecution, defense, or attempted settlement of the Related Action, and shall not use such materials at any time for any other purpose whatsoever, including, without limitation, any commercial or business purpose, and such materials shall not be disclosed to or made accessible to any person except as specifically permitted by this Order, and provided that each Party to these Actions shall otherwise continue to adhere to the disclosure restrictions and other terms of this Protective Order.

(b)     Disclosure and use in this Action of protected material (as that term is defined in the protective order entered in the Related Actions) produced or disclosed in the Related Actions, shall be governed by the terms of this Protective Order. The confidentiality designations applied to such material in the Related Actions shall govern the handling of that material in this Action.

12.     **Legally Required Use of Information**

Nothing in this Order shall prevent the State of Arkansas from disclosing and using Protected Material, subject to taking appropriate steps to preserve confidentiality, to the extent required by any legal obligation imposed upon the State.

13. **Use of CONFIDENTIAL Information and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information at Trial**. Further procedures for the handling of CONFIDENTIAL Information and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information at trial shall be addressed in a final pretrial order in each Action. The Parties to each Action shall meet and confer to negotiate a proposal for addressing the treatment of Protected Material prior to the entry of a final pretrial order.

14. **Documents Protected From Discovery**. The following types of information shall not be the subject of discovery and need not be placed on a privilege log: email, notes, drafts, communications, memoranda, or other work product produced by or exchanged solely among and between:

(a)    The State of Arkansas;

(b)    The State of Arkansas and/or Related Action Counsel of Record, provided that such information directly relates to the prosecution or defense of this Action or the Related Actions;

(c)    Outside Counsel of Record;

(d)    In-House Counsel or other employees of a single Defendant, on the one hand, and Outside Counsel of Record for that same Defendant, on the other hand,

provided such information directly relates to the representation of a Defendant in the Action, a Related Action, or in the Commission's and State Plaintiffs' pre-Complaint investigations, and provided further that such information post-dates October 4, 2019; and

(e)    In-House Counsel within the legal department of a single Defendant, who are responsible for the representation of that single Defendant in the Action or in the Commission's and State Plaintiffs' pre-Complaint investigations, provided that such information directly relates to the representation of the Defendant in the Action, a Related Action, or the investigations, and provided further that such information post-dates October 4, 2019.

15.    **Expert Discovery**. Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials: (i) any form of communication or work product shared between any Outside Counsel of Record or Enforcement Personnel and their respective expert(s) (including consultants who assist the expert's work), or between or among any of such side's experts (including consultants who assist the expert's work), except to the extent that such communications or work product are the sole source of facts, data, or assumptions relied upon in forming the opinions to be expressed by an expert disclosed under Federal Rule of Civil Procedure 26(a)(2); (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) any

expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact; or (iv) drafts of expert reports, analyses, or other work product.

16. **Protected Material Subpoenaed or Ordered Produced in Other Proceeding**. If a Party is served with a subpoena, civil investigative demand, or court order in another proceeding that compels disclosure of any information or items designated in the Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any of the relevant Protected Material before a determination by the court or tribunal from which a protective order is sought, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material. Nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

17.    **Protected Material Subject to Freedom of Information Act or Public Records Statute**. If, under the Arkansas Freedom of Information Act or other relevant law, any Protected Material is subject to any form of compulsory process or is demanded from the State of Arkansas, the State of Arkansas shall:

(a)    upon receiving a demand for the examination or copying of Protected Materials, notify the Designating Party as soon as practicable following receipt of the demand, with such notice stating that (i) the demand has been received, (ii) the State of Arkansas is reviewing the demand and will provide a determination within 24 hours of receipt of the demand, and (iii) the State of Arkansas will assert all applicable exemptions, but that if disclosure is required, the State of Arkansas will refrain from disclosing any Protected Materials for as long as possible under applicable law so that the Designating Party may seek a protective order against such disclosure;

(b) determine within 24 hours of the receipt of the demand whether the Protected Materials are exempt from disclosure and notify the Designating Party of the decision;

(c)    assert all applicable exemptions in response to such compulsory process or public records demand;

(d)     the State of Arkansas will refrain from disclosing Protected Materials (if required) until the longer of three (3) business days following receipt of the demand or any longer timeline allowed by law, in order to allow the Designating Party to timely seek a protective order; and

(e)     should a Designating Party seek a protective order, the State of Arkansas will not produce any Protected Material before a determination by the court or tribunal from which the protective order is sought.

18.     **Filing Protected Material**.  Except as provided for below, no Protected Material, including, but not limited to, any documents, pleadings, motions, transcripts, or other filings that disclose the contents or substance thereof, shall be filed in the public record of this Action unless otherwise ordered by the Court or with permission from the Designating Party.

(a)     If the document containing Confidential Information was produced initially by a non-party, the filing Party shall notify the non-party of the filing and what Confidential Information produced by that non-party was included in the filing within one day after the filing. After receiving such notice, the non-party shall file a motion within seven (7) days if it seeks to maintain sealing of its Confidential Information, which will remain sealed at least until the latter of the expiration of seven days or the resolution of any timely filed motion. In addition, Parties shall provide a non-party at least 24 hours' notice before any pretrial court hearings or other court proceedings during which a non-party's

designated Confidential Information may be publicly disclosed. Nothing in this Order shall restrict any person from challenging the sealing of any designated Confidential Information filed under seal to the extent such person is otherwise entitled to such challenge.

(b)     If a Party files under seal with the Court any Confidential Information produced by another Party, the party that produced the sealed Confidential Information shall file a motion within ten days if it seeks to maintain sealing of its Confidential Information, which will remain sealed at least until the latter of the expiration of fourteen days or the resolution of any timely filed motion.

(c)     Nothing in this Order will be construed as a prior directive to allow any Document to be filed under seal. The Parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting Party permitted to file the requested Documents under seal, only counsel of record and unrepresented parties will have access to the sealed Documents.

19.     **Inadvertent or Unauthorized Disclosure of Protected Material**. Any Party that produces Protected Material without designating it as Protected Material or with a designation below the highest designation for which that Protected Material qualifies, may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the disclosure, and providing, within three (3) calendar days of notice, replacement Protected Material that is

properly designated. If any person subject to this Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Protected Material to someone not authorized to receive such material under this Order, counsel for the party involved shall (i) immediately inform outside counsel for the Designating Party whose Protected Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure and (ii) use his or her best efforts to obtain the return or destruction of all improperly disseminated copies of such materials (including hardcopies and electronic versions) and to prevent any further improper dissemination of the same. Each Party shall cooperate in good faith in efforts to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed.

      20.    **Inadvertent Production or Disclosure of Privileged Documents**. The production of privileged or work-product protected Documents, ESI or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  A Producing Party that determines it has made an inadvertent production of material subject to an applicable privilege or immunity shall promptly notify all Receiving Parties. A Receiving Party in receipt of such clawback notice shall either (1) destroy the specified information, or (2), in the event of a dispute about the application of the asserted privilege

or immunity, sequester the information pending determination by the Court of the claim. Notwithstanding the foregoing, any Discovery Material used in a deposition, expert report, or court filing in the Action, that a Designating Party does not claw back within 7 days of such use, shall not be eligible for clawback under this Paragraph.

21. **Reservation of Rights**. The designation of any Discovery Material as Protected Material shall not be deemed an admission that any such material is relevant or admissible in either Action. All Parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in the Action.

22. **Modification**. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time. Nothing in this Order shall preclude any Party, or any Non-Party from whom discovery has been requested, from seeking an order of the Court amending, modifying, or supplementing this Order for good cause shown. Furthermore, nothing in this Order shall prejudice the right of the Parties to stipulate (subject to Court approval) an amendment, modification, or supplement to this Order; provided, however, that disclosures under Paragraph 7(b) to In-House Counsel other than those listed in Exhibit B shall be permitted without amendment to this Order upon providing notice and an opportunity to object to all Producing Parties. Such notice shall include (1) the name of such In-House counsel; (2) such In-House Counsel's signed undertaking ("Exhibit A"); and (3) a revised Exhibit B reflecting any proposed modifications. Each Producing Party shall have 7 days to object prior to any additional

disclosure of that Producing Party's Designated Material. Within 7 days of objecting, the objecting Producing Party shall move the Court for a supplemental protective order. Any objecting Producing Party shall meet and confer with the Party seeking disclosure in an effort to resolve the dispute prior to moving the Court.

23.    **Final Disposition**.

(a)    Within 90 days after the final disposition of the Action as to a Receiving Party, as defined in Paragraph 3, such Receiving Party must return all Protected Material to the Designating Party or take commercially reasonable efforts to destroy all copies of Protected Material in its possession, custody, or control (including but not limited to copies in the possession or control of any expert or employee). The Receiving Party's reasonable efforts shall not require the destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for the purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order. This provision shall also apply to the extent any Party ceases to be part of the Action, for instance in the case of settlement.

(b)    Notwithstanding any other provision of this Order, Outside Counsel of Record and the State of Arkansas are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; the trial record; and consultant and expert work product even if such materials contain Protected Material, so long as this Order will continue to govern any such retained materials.

24.    **<u>Termination of Access</u>**.

(a)    In the event any person permanently ceases to be engaged in the conduct of the Action, such person's access to Protected Material shall be terminated. Such person will thereafter comply with the requirements of Paragraph 23.

(b)    The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Designating Party.

**IT IS SO STIPULATED AND AGREED**

DATED:  May 24, 2024               Respectfully submitted,

**TIM GRIFFIN**
**Attorney General**

By: _____
AMANDA WENTZ, ABN 2021066
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR  72201
Telephone:  (501) 682-1178
(501) 682-8118 (fax)
amanda.wentz@arkansasag.gov

Charles J. Harder, ABN 86080
Deputy Attorney General
Telephone: (501) 682-4058
(501) 682-8118 (fax)
Chuck.Harder@ArkansasAG.gov

Brittany Edwards, ABN 2016235
Senior Assistant Attorney General
Telephone: (501) 682-8114
(501) 682-8118 (fax)
Brittany.Edwards@ArkansasAG.gov

REDDICK LAW, PLLC
BRIAN REDDICK, ABN 94057
HEATHER ZACHARY, ABN 2004216
One Information Way, Suite 105
Little Rock, AR  72202
Telephone: (501) 943-1456
(501) 907-7793 (fax)
brian@reddicklawfirm.com
hzachary@reddicklawfirm.com

ROBBINS GELLER RUDMAN
  & DOWD LLP

By: _____
STUART A. DAVIDSON *
Florida Bar No. 84824
DOROTHY P. ANTULLIS *
Florida Bar No. 890421
LINDSEY H. TAYLOR *
Florida Bar No. 1027908
ALEXANDER C. COHEN*
Florida Bar No. 1002715
ANNY M. MARTIN *
Florida Bar No. 1000491
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  (561) 750-3000
(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
ltaylor@rgrdlaw.com
acohen@rgrdlaw.com
amartin@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR L. SHINGLER III *
California Bar No. 181719
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
(619) 231-7423 (fax)
ashingler@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACOB G. GELMAN *
California Bar No. 344819
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  (415) 288-4545
(415) 288-4534 (fax)
jgelman@rgrdlaw.com

THE LANIER LAW FIRM, P.C.
W. MARK LANIER *
Texas Bar No. 11934600
ALEX J. BROWN *
Texas Bar No. 24026964
ZEKE DeROSE III *
Texas Bar No. 24057421
SARA E. ABSTON *
Texas Bar No. 24131972
10940 West Sam Houston Parkway North
Suite 100
Houston, TX  77064
Telephone:  (713) 659-5200
(713) 659-2204 (fax)
mark.lanier@lanierlawfirm.com
alex.brown@lanierlawfirm.com
zeke.derose@lanierlawfirm.com
rebecca.phillips@lanierlawfirm.com

THE LANIER LAW FIRM
K. RACHEL LANIER *
California Bar No. 343171
2829 Townsgate Road, Suite 100
Westlake Village, CA  91361
Telephone:  (310) 277-5100
rachel.lanier@lanierlawfirm.com

*Attorneys for Plaintiff State of Arkansas*

KUTAK ROCK LLP

By: /S/ *ANDREW KING*
Andrew King, ABN 2007176
124 West Capitol Avenue, Suite 2000
Little Rock, AR  72201-3706
Telephone:  (501) 975-3000
(501) 975-3001 (fax)
andrew.king@kutakrock.com

DAVIS POLK & WARDWELL LLP
Paul S. Mishkin
Daniel J. Thomson *
450 Lexington Avenue
New York, NY  10017
Telephone:  (212) 450-4292
(212) 701-5292 (fax)
paul.mishkin@davispolk.com
daniel.thomson@davispolk.com

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

QUATTLEBAUM, GROOMS
  & TULL PLLC

By: /s/ *Laura L. O'Hara*
Steven W. Quattlebaum, ABN 84127
John E. Tull III, ABN 84150
Laura L. O'Hara, ABN 2021150
111 Center Street, Suite 1900
Little Rock, AR  72201
Telephone:  (501) 379-1700
(501) 379-1701 (fax)
squattlebaum@qgtlaw.com
jtull@qgtlaw.com
lohara@qgtlaw.com

CRAVATH, SWAINE & MOORE LLP
David R. Marriott *
Margaret T. Segall *
Jesse M. Weiss *
Benjamin J. Bauer *
Maximilian J. Auerbach *
825 Eighth Avenue
New York, NY  10019
Telephone:  (212) 474-1000
(212) 474-3700 (fax)
dmarriott@cravath.com
msegall@cravath.com
jweiss@cravath.com
bbauer@cravath.com
mauerbac@cravath.com

*Attorneys for Defendant Corteva, Inc.*

* Pro hac vice admitted

**SO ORDERED.**

Dated: May 31, 2024

**UNITED STATES DISTRICT JUDGE**

35

## <u>EXHIBIT A</u>

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, am employed by _____.

I acknowledge and certify as follows:

1.      I have read the Protective Order in *Griffin v. Syngenta Crop Protection AG, et al.*, Civil Action No. 4:22-cv-1287-BSM (the "Action"), United States District Court for the Eastern District of Arkansas, and agree to be bound by its terms.

2.      I will not make copies or notes of Protected Material (as defined in the Protective Order for the Action) that I receive in the Action except as necessary to enable me to render assistance in connection with the Action.

3.      I will not disclose Protected Material that I receive in the Action to any person not expressly entitled to receive it under the terms of the Protective Order, and will retain any such material in a safe place.

4.      I will not use Protected Material that I receive in the Action for any purpose other than that authorized by the Protective Order.

5.      I will retain all Protected Material that I receive in the Action in my custody until I have completed my assigned duties, whereupon the materials will be returned to the Party that provided them to me or destroyed, as provided by the Protective Order.  Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6.    I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.


Date: _____          Signature:

                                            _____

                                            Name:    _____

                                            Address: _____

                                            _____