UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

| | | |
|---|---|---|
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | ) | No. 4:22-cv-01287-BSM<br><br>PLAINTIFF STATE OF ARKANSAS'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

Plaintiff State of Arkansas (the "State") respectfully moves the Court, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and this Court's Local Rule 5.5(e), for leave to file a Second Amended Complaint. A copy of the proposed Second Amended Complaint is annexed hereto as Exhibit A and a redline comparison of the proposed Second Amended Complaint with the First Amended Complaint ("FAC") (ECF No. 72) is annexed hereto as Exhibit B. In support of its Motion, the State states as follows.

1. On March 22, 2024, the State filed its FAC. Defendants, Syngenta Crop Protection AG, Syngenta Corporation and Syngenta Crop Protection LLC (together "Syngenta") and Corteva, Inc. ("Corteva" and with "Syngenta, "Defendants") are two of the world's largest manufacturers of brand-name crop-protection products, which include insecticides, fungicides, and herbicides.

2. In the FAC, the State alleged, in its proprietary and *parens patriae* capacities, that Defendants operated so-called "loyalty programs" under which Defendants paid distributors and retailers to not sell generic equivalents of Defendants' brand-name products after the exclusivity period provided by patents and the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, et seq. Generic crop-protection products are molecularly equivalent to and provide the same benefit as Defendants' brand-name products at a much lower cost than Defendants' brand-name products.

3. The State alleged in the FAC that Defendants "loyalty programs" allowed Defendants to maintain monopolies in products with certain Relevant Active Ingredients[1] ("AIs") in violation of federal antitrust laws and state consumer protection laws. The Syngenta Relevant AIs covered by the FAC are azoxystrobin, a fungicide, mesotrione, an herbicide used on corn crops, and metolachlor, an herbicide used on a wide range of crops. The Corteva Relevant AIs covered by the FAC are rimsulfuron, an herbicide used on fruits and vegetable crops, oxamyl, an insecticide used primarily on cotton and potatoes, and acetechlor, an herbicide used primarily on corn.

4. Over the course of discovery, the State learned that there were additional AIs used in the State of Arkansas included in the very same "loyalty programs" that are the subject of the FAC. Defendants have been equally successful in maintaining their monopoly for their own brand-name crop-protection products containing those additional Relevant AIs as with the Relevant AIs in the FAC by excluding generic competitors from

[1] Active ingredients are the chemical or chemicals in a crop-protection product that control the pest or pests the crop-protection product is intended to control.

the market and, thus, causing Arkansas farmers to pay higher prices for crop-protection products containing these additional Relevant AIs. The State was not aware that these additional AIs were part of Defendants' respective "loyalty programs," or that Defendants held monopoly power with respect to the same, when the State's original Complaint or FAC were filed.

5. The Syngenta Relevant AIs proposed to be added in the Second Amended Complaint are fomesafen, an herbicide primarily used on soybean crops, lambda-cyhalothrin, a broad-range insecticide used on cotton and various vegetable crops, and difenoconazole, a broad-spectrum fungicide used on vegetable and fruit crops.

6. The Corteva Relevant AIs proposed to be added in the Second Amended Complaint are cyhalofop, an herbicide used to control grass weeds in rice crops, picloram, trilopyr, and aminopyralid, which are used to control broad-leaf weeds in grass pastures in different ways, and methoxyfenozide, a narrow-spectrum insecticide used to control moth and butterfly caterpillars.

7. The Court's Final Scheduling Order (ECF No. 80) provides that leave to amend pleadings must be sought no later than June 9, 2025. Thus, the State's motion for leave to amend is timely.

8. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The decision whether to allow leave to amend is left to the sound discretion of the district court. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016). The court abuses that discretion if it denies a motion for leave to amend unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 606-07 (8th Cir. 2024).

9. None of these factors are present here. The State has not unduly delayed. This motion for leave to amend is being filed well in advance of the deadline provided by the Court's Final Scheduling Order. The State cannot imagine what claim of bad faith Defendants could reasonably raise. The State has not repeatedly failed to cure deficiencies in prior amendments. In fact, the Court fully sustained the State's FAC. *See* ECF No. 129.

10. Defendants also cannot claim prejudice. A motion for leave to amend can prejudice the non-moving party if the amendment would require re-opening discovery, a significant postponement of the trial, and a likely major alteration of trial tactics and strategy. *Se. Emergency Physicians LLC v. Ark. Health & Wellness Plan, Inc.*, No. 4:17-cv-00492-KGB, 2019 WL 13193960, at *4 (E.D. Ark. Dec. 9, 2019).

11. Moreover, if leave to amend is denied, the State will simply file a new complaint against Defendants in this Court alleging identical claims with respect to the additional Relevant AIs, which will likely be assigned to this Court under General Order No. 39(b)(5), starting the litigation with respect to the additional Relevant AIs anew. For this additional reason, Defendants can claim no prejudice.

12. Appellate courts have found an abuse of discretion where a district court has denied amendments based on facts similar to those comprising the original complaint. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). The inclusion of claims based on facts already known or available to both sides does not prejudice the non-moving party. *Id.*

13. Courts in this District also routinely allow leave to amend to add allegations based upon information revealed in discovery, even after the deadline for amending has passed. *See, e.g.*, *Roberts v. Berry*, No. No. 4:20-CV-00216-KGB, 2022 WL 526413, at *4 (E.D. Ark. Feb. 22, 2022); *Ark. Labeling, Inc. v. Proctor*, No. 4:19-CV-00773-KGB, 2021 WL 4037575, at *3 (E.D. Ark. Sept. 3, 2021); *Se. Emergency Physicians*, 2019 WL 13193960, at *5-6. Here, however, there is no issue with respect to the State's diligence in seeking leave to amend because the State is moving *before* the deadline for seeking to file amended pleadings.

14. It will not be necessary to re-open discovery since discovery is still ongoing. There are at least six Defendant depositions scheduled through the end of June 2025, and 16 third-party depositions scheduled before fact discovery closes. The State is not aware of any previously conducted depositions that will need to be re-done. The State will likely request additional documents and structured data from Defendants relating to the additional AIs, but to the extent additional discovery is necessary, such discovery would not significantly delay the proceedings. There is presently no deadline for expert reports and the case has been taken off the Court's trial calendar, (ECF No. 143), so there is no issue about any significant postponement of trial since trial hasn't been re-scheduled.

15. The proposed amendments to be included in the Second Amended Complaint are additional AIs included in the same "loyalty programs" alleged in the FAC. While the proposed Second Amended Complaint contains a total of eight additional Relevant AIs, the focus of the State's claims is on Defendants' respective "loyalty programs," not the Relevant AIs themselves. Defendants' respective post-patent generic-defense tactics to

protect their market share for all AIs in their "loyalty programs" are the same, regardless of the AI they might be trying to protect.

16. The State alleges exactly the same causes of action in the Second Amended Complaint as in the FAC, except that the Second Amended Complaint contains more Relevant AIs than the FAC. These new claims are based upon facts already known or available to both sides.[2] This is all the more reason why Defendants cannot claim prejudice from the proposed Second Amended Complaint.

17. The proposed Second Amended Complaint is not also futile. Futility means that the amended complaint could not withstand a motion to dismiss. *Se. Emergency Physicians*, 2019 WL 13193960, at *4. The proposed Second Amended Complaint is, for all intents and purposes, identical to the FAC which the Court already ruled states plausible claims under the federal antitrust laws and state consumer protection laws, but for the addition of more Relevant AIs.

18. Thus, none of the factors that might disqualify a motion for leave to amend being freely given are present here so the State respectfully requests that its motion for leave to file its Second Amended Complaint be granted.

19. Prior to making this Motion, the State asked Defendants whether they would consent to the filing of the Second Amended Complaint. The State was advised that Defendants oppose this Motion.

[2] If anything, the State, not Defendants, would be at a disadvantage with the additional claims since any documents relating to how the additional Relevant AIs fit into Defendants' "loyalty programs" would be solely within Defendants' custody and control.

WHEREFORE, for the foregoing reasons, Plaintiff State of Arkansas respectfully requests that the Court grant the State leave to file its Second Amended Complaint in the form annexed hereto, and grant such other and further relief as the Court deems just and proper.

DATED: June 5, 2025

**TIM GRIFFIN**
**Attorney General**

AMANDA WENTZ, ABN 2021066
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-1178
(501) 682-8118 (fax)
amanda.wentz@arkansasag.gov

TIM GRIFFIN, ABN 95110
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-2007
(501) 683-2520 (fax)
Tim.Griffin@ArkansasAG.gov

Brittany Edwards, ABN 2016235
Senior Assistant Attorney General
Telephone: (501) 682-8114
(501) 682-8118 (fax)
Brittany.Edwards@ArkansasAG.gov

REDDICK LAW, PLLC
BRIAN REDDICK, ABN 94057
HEATHER ZACHARY, ABN 2004216

By: */s Brian Reddick*
BRIAN REDDICK
One Information Way, Suite 105
Little Rock, AR 72202
Telephone: (501) 943-1456
(501) 907-7793 (fax)

brian@reddicklawfirm.com
hzachary@reddicklawfirm.com

ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON#
Florida Bar No. 84824
DOROTHY P. ANTULLIS *
Florida Bar No. 890421
LINDSEY H. TAYLOR *
Florida Bar No. 1027908
ALEXANDER C. COHEN *
Florida Bar No. 1002715
ANNY M. MARTIN *
Florida Bar No. 1000491
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: (561) 750-3000
(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
ltaylor@rgrdlaw.com
acohen@rgrdlaw.com
amartin@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ARTHUR L. SHINGLER III *
California Bar No. 181719
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
(619) 231-7423 (fax)
ashingler@rgrdlaw.com

THE LANIER LAW FIRM, P.C.
W. MARK LANIER *
Texas Bar No. 11934600
ALEX J. BROWN *
Texas Bar No. 24026964
ZEKE DeROSE III *
Texas Bar No. 24057421
SARA E. ABSTON *
Texas Bar No. 24131972

10940 West Sam Houston Parkway North
Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
(713) 659-2204 (fax)
mark.lanier@lanierlawfirm.com
alex.brown@lanierlawfirm.com
zeke.derose@lanierlawfirm.com
sara.abston@lanierlawfirm.com

THE LANIER LAW FIRM
K. RACHEL LANIER *
California Bar No. 343171
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (310) 277-5100
rachel.lanier@lanierlawfirm.com

*Attorneys for Plaintiff State of Arkansas*

* Admitted *Pro Hac Vice*