# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

| | |
|---|---|
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | No. 4:22-cv-01287-BSM<br><br>DECLARATION OF ARTHUR L. SHINGLER III IN SUPPORT OF PLAINTIFF STATE OF ARKANSAS'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT CORTEVA, INC. |

I, Arthur L. Shingler III, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a member of the law firm Robbins Geller Rudman & Dowd LLP, and together with co-counsel, I represent Plaintiff the State of Arkansas, *ex rel.* Tim Griffin, Attorney General ("OAG") in this action. I submit this declaration, along with the attached exhibits, in support of Plaintiff State of Arkansas's Motion for Preliminary Approval of Settlement with Defendant Corteva, Inc. ("Corteva"), and I have personal knowledge of the statements herein, and if called upon as a witness, could and would competently testify thereto.

2. The OAG initiated the Action on December 30, 2022, asserting claims against Corteva and Syngenta for antitrust and consumer-protection violations. The OAG generally alleges that Corteva and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively "Syngenta" and with Corteva, "Defendants") Syngenta operated "loyalty programs" in which they paid distributors and retailers to restrain or limit sales or purchases of generic equivalents of certain of their brand-name crop-protection products (*i.e.*, pesticides) after the exclusivity period granted for such products by patents and the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136, *et seq.*. The OAG further alleges that these "loyalty programs" enabled Corteva and Syngenta to maintain monopolies over pesticides containing certain active ingredients in violation of federal antitrust laws and state consumer protection laws.

3. The OAG has retained the experienced counsel of Robbins Geller Rudman & Dowd LLP, Reddick Law, PLLC, and The Lanier Law Firm, P.C., to assist in

prosecuting the litigation. To support its case, the OAG also retained some of the nation's leading experts in economics and agrochemicals.

4. The OAG coordinated nearly all discovery with Defendants and plaintiffs in a related case brought by the U.S. Federal Trade Commission ("FTC") and several other state attorneys general, *FTC v. Syngenta Crop Protection AG*, No. 1:22-cv-00828-TDS-JEP (M.D.N.C.), as well as a multidistrict litigation styled *In re Crop Protection Prods. Loyalty Program Antitrust Litig.*, No. 1:23-md-03062-TDS-JEP (M.D.N.C.).

5. These coordinated discovery efforts resulted in the taking of nearly 60 party and third-party depositions (most lasting two days), as well as the production and review of over 4.6 million documents spanning over 14 million pages.

6. The OAG also served Defendants with several sets of document requests under Rule 34, Rule 33 interrogatories, and Rule 36 requests for admission, and served over 60 third-party document subpoenas.

7. The OAG has demonstrated its ability and willingness to aggressively pursue this Action and has litigated with exceptional vigor. The OAG has conducted thorough investigations into the facts, successfully defeated Defendants' attempts to transfer the Action from this Court, and effectively defeated Defendants' motions to dismiss.

8. Beginning in October 2025, the OAG and Corteva began arm's-length discussions concerning a possible resolution of the OAG's claims against Corteva in the Action.

9. No significant progress occurred until early January 2026, as the deadlines for merits expert reports were approaching, when the Parties' discussions kicked into high gear.

10. Over approximately six weeks, the Parties held numerous conversations and exchanged numerous emails regarding a possible resolution.

11. On February 18, 2026, the Parties executed a Confidential Settlement Term Sheet outlining the substantive terms of a settlement.

12. Thereafter, the Parties engaged in extensive discussions to negotiate a formal Settlement Agreement and related documents over the next few months, culminating in the Settlement now presented to the Court.

13. This Settlement reached with Corteva is an excellent one that serves the public interest, greatly benefits the State of Arkansas, its citizens, and Arkansas's vitally important grower community.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2025.

ROBBINS GELLER RUDMAN
& DOWD LLP
ARTHUR L. SHINGLER III
California Bar No. 181719



ARTHUR L. SHINGLER III