# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

| | |
|---|---|
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | No. 4:22-cv-01287-BSM<br><br>DECLARATION OF ERIC A. NORDSKOG IN SUPPORT OF PLAINTIFF STATE OF ARKANSAS'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT CORTEVA, INC. |

I, Eric A. Nordskog, declare as follows:

1. I am the Director of Case Management at A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin.

2. A.B. Data has been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, antitrust, securities, ERISA, insurance, and government agency cases. A profile of A.B. Data's background and capabilities, including representative case and client lists, is included as **Exhibit A**.

3. I respectfully submit this declaration at the request of the OAG's Counsel in connection with the above-captioned action (the "Action"). This declaration will describe the proposed Notice Plan for the Settlement in this Action.

4. I am over 21 years of age and am not a party to this action. The statements in this Declaration are based on my personal knowledge and information provided by OAG's Counsel, my associates, and other A.B. Data employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

## NOTICE PLAN OVERVIEW

5. The objective of the Notice Plan is to provide adequate and reasonable notice to natural persons who reside in Arkansas ("Arkansas Crop Farmers") that, between October 27, 2018 and the notice publication date, inclusive, purchased certain Corteva-branded crop-protection products that contain the following active ingredients: Rimsulfuron, Oxamyl, Acetochlor, Cyhalofop, Picloram, Triclopyr, Methoxyfenozide, and Aminopyralid.

6. The Notice Plan includes paid media notice. A dedicated case-specific website and toll-free telephone line will complement the Notice Plan and serve as additional resources. More information about these components is detailed below.

**Paid Media Components**

7. A paid media plan including print, digital, and social media advertising, will be used to reach the Arkansas Crop Farmers. Paid media advertising is guaranteed to appear and allows control over the content, timing, and positioning of the message.

***Digital and Social Media***

8. The Notice Plan includes digital and social media to reach Arkansas Crop Farmers. Digital advertising allows the viewer to click on an advertisement (such as a "banner ad") and instantly be directed to the case-specific website to obtain additional information about their rights. Social media provides an opportunity for individuals to not only link to the case-specific website, but also seamlessly share ads and information with their family, friends, community, and related social networks. Impressions served to social media users can be highly targeted, specifically reaching those who have expressed an interest in information relevant to the case.

9. Digital banner ads will appear on Facebook for 30 days and target Arkansas Crop Farmers. This advertising will deliver an estimated 1 million gross impressions[1] across desktop, tablet, and mobile devices.

10. Also, banner ads will appear for 30 days on the Arkansas Farm Bureau website, arfb.com. The Arkansas Farm Bureau is an organization that represents approximately 160,000 farm and ranch families and advocates for and promotes agriculture throughout Arkansas.[2]

---

1 Gross (targeted) impressions are the duplicated sum of audiences of all media vehicles containing the notice.

2 Organizations and publications have the right to refuse advertisements. A.B. Data will make every effort to have the notice placed in the stated media but will make substitutions as necessary.

11. All digital and social media ads will include images appropriate for this case and an embedded link to the case-specific website to increase the ad visibility and click-through rate. Sample banner and social media ads are attached as **Exhibit B.**

***Print***

12. A.B. Data will publish the Short-Form Notice in the form of a Publication Notice. The Publication Notice will appear once in the newspapers *Arkansas Times* (published monthly with a circulation of 27,000), *Arkansas Democrat Gazette* (published daily with a circulation of 32,000), and *Northwest Arkansas Democrat Gazette* (published on Sundays with a circulation of 17,800). The Short-Form Notice is attached as **Exhibit C**.

**TOLL-FREE TELEPHONE NUMBER**

13. A.B. Data will establish and maintain a case-specific toll-free telephone number to address potential inquiries. The toll-free telephone number is equipped with an automated interactive voice response system that presents callers with a series of choices to hear prerecorded information. If callers need further help, they have the option to speak with a live operator during business hours. After business hours, callers may leave a voicemail message, and their call will be returned. The toll-free telephone number will be prominently displayed on the notices and the case-specific website.

**WEBSITE**

14. A.B. Data will establish and maintain a dedicated case-specific Settlement website to ensure individuals can easily access current information about this Action and Settlement. The website will provide, among other things, a case summary, Arkansas Crop Farmers' rights and options, the ability to view and download relevant documents (including the Long Form Notice, attached as **Exhibit D**), important dates, and any pertinent updates. It will include functionality for

Arkansas Crop Farmers to submit their claims for restitution online. The case-specific website will be secure, with an "https" designation. The website address will appear on the notices.

## EXCLUSION PROCESSING

15. A.B. Data will receive, process, and report all exclusion requests and promptly circulate copies to the Parties.

## CONCLUSION

16. It is my opinion that the proposed Notice Plan is adequate and reasonable and will effectively reach Arkansas Crop Farmers. The proposed Notice Plan conforms to the standards employed by A.B. Data in similar notification plans.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Milwaukee, Wisconsin, on this 13th day of August 2026.

ERIC A. NORDSKOG

# EXHIBIT A

Class Action Administration

DATA

**Headquarters**
600 A.B. Data Drive
Milwaukee, WI 53217
P: 866-217-4470
F: 414-961-3099

**New York**
One Battery Park Plaza
32nd Floor
New York, NY 10004
P: 646-290-9137

**Washington DC**
915 15th St., NW, Ste. 300
Washington, DC 20005
P: 202-618-2900
F: 202-462-2085

**Florida**
5080 PGA Boulevard, Ste. 209
Palm Beach Gardens, FL 33418
P: 561-336-1801
F: 561-252-7720

**Israel**
19 Weissburg Street
Tel Aviv 69358
Israel
P: +972 (3) 720-8782

**London**
71-75 Shelton Street
Covent Garden
London, WC2H 9JQ
P: +44 20 4586 1892

# CAPABILITIES

## About A.B. Data

Founded in 1981, **A.B. Data has earned a reputation** for expertly managing the complexities of class action administration in consumer, antitrust, securities, Securities and Exchange Commission (SEC) enforcement actions, and ERISA, Attorneys General, employment, civil rights, insurance, environmental, wage and hour, and other class action cases. **A.B. Data's work in all aspects of class action administration** has been perfected by decades of experience in hundreds of class action cases involving billions of dollars in total settlements. Dedicated professionals deliver **A.B. Data's all-inclusive services,** working in partnership with its clients to administer their class action cases effectively, efficiently, and affordably, regardless of size or scope.

**A.B. Data offers unmatched resources and capacity** and is capable of expertly administering any class action notice, settlement, and/or fund administration. Whether notifying millions of class members in the United States or throughout the world, processing millions of claims, distributing payments digitally via A.B. Data's Digital PayPortal℠, or printing and distributing millions of checks, **A.B. Data matches its talent and technology** to the specific needs of its clients, delivering unparalleled service on time and on budget without ever compromising quality.

## Location, Ownership Structure

**A.B. Data is an independently owned**, more than 40-year-old, Milwaukee, Wisconsin-based company that prides itself on its vast expertise and industry-leading innovations. We like to remind our clients and partners that we're not just a class action administration company, but a group of experienced, dedicated professionals who believe that relationships are just as important as the accurate and timely management of class action administrations. A.B. Data Class Action is powered by exceptional talent, driven by innovative technology, and backed by proven experience to deliver trusted, efficient, and client-focused class action administration services.

## Services

**Every A.B. Data client is deserving of the best job we can put forward**. A.B. Data makes class action administration easy for our clients with clarity, convenience, and efficiency. Our priority is to navigate the intricacies of our clients' matters and deliver successful results by using our solid expertise, advanced technology, and top-quality products and services. We pay attention to the details and get it right the first time.

We aim to provide our clients the full experience of a truly collaborative working relationship. A.B. Data – Powered by Talent. Driven by Technology. Proven by Experience.

# Services

## All Digital — From Notice to Distribution

**A.B. Data is uniquely positioned to design, implement, and maintain notice and settlement administration programs** using an innovative, "all-digital" approach that replaces the more traditional and less efficient methods of administration, such as newspaper ads, mailed notices, and paper checks. Many of our recent proposed notice plans and claim programs utilize the latest technologies such as microtargeted digital ads for notice, streamlined online claims, and distributing settlement funds electronically using a digital paywall. These methods provide significant cost savings, are consistent with the amendments to Rule 23 that are now in effect, and importantly provide much-needed alignment of class action notice and administration with current consumer behaviors.

## Pre-Settlement Consultation

**The pre-settlement consultation is a collaborative session** designed to help A.B. Data clients prepare a stronger case. Our support teams simplify the task of sorting through a maze of documents during investigation and discovery, streamlining the process and preserving fund assets. From there, we assist with fully interactive media packages for court presentations and settlement negotiations. A.B. Data works closely with our clients, offering expert testimony on documents, processing, class and notice manageability, and proposed plans of allocation.

## Media Services

**A.B. Data continues to earn our reputation** as the early innovator in integrating advanced micro-targeting techniques, including contextual targeting, behavioral targeting, and predictive modeling. Coupled with inventive digital media strategies to drive claims, case-specific banner ad development, class member research, and comScore analysis services, our multi-tiered media programs are designed to cost-effectively deliver notice to potential class members and increase claims rates.

## Notice Administration

**In A.B. Data, clients have a comprehensive resource** with a depth of experience in direct notice. Our compliance and understanding of Rule 23 of the Federal Rules of Civil Procedure are crucial in meeting the “plain language” legal requirements for any campaign. From our sophisticated digital media capabilities and extensive global experience with class member research, our experts create notice documents that are easily understandable and cost-efficient to produce. We consult with our clients to deliver notice documents from multi-page, mailed, or emailed notice packets to concise postcards that establish the most influential and cost-effective means of communicating with potential claimants.

ab DATA

## Claims Processing

**A.B. Data continues to bring game-changing technologies** to improve the speed and precision in claims processing. Our robust system for online claims submissions allows us to meticulously verify data and documentation, preserve and authenticate claims, and calculate and verify settlement amounts. In addition, our data network infrastructure includes on-site data storage, backup, contingency plans, and security for electronic and hard copy claim filings. It is all part of a total commitment to be the most innovative and comprehensive resource in the industry. At A.B. Data, we take pride in having the in-house capacity to process millions of pages, as well as the organizational integrity to treat every claim as if it were the only one.

## Contact Center

**A.B. Data's Contact Center is comprised of a full staff** that is trained on and equipped with online and telecommunication systems to monitor and connect with class members. Associates routinely monitor class member communication for all class action administrations, including antitrust, consumer, and securities.

Utilizing monitoring software, associates watch multiple social media channels simultaneously, allowing for instantaneous routing of inquiries and interaction with claimants. Detailed and concise analytical reports outlining Contact Center activities are always provided.

Our Contact Center and case websites are capable of handling millions of class member engagements, as recently displayed in a campaign which garnered over 1.2 million website visits in two months and had more than 72,500 Facebook engagements. Facebook comments and threads are monitored and claimants are guided to the website for more information. Google AdWords and display advertising have also brought hundreds of thousands of visitors to various case websites.

A.B. Data's Contact Center also has Spanish language associates in-house and we can accommodate any language, given proper lead time. Traditional call center facilities are also available, if needed.

## Case Websites

**We offer a state-of-the-art technology platform** that supports every step of our class action administration process. Our expert marketing professionals design customized case-specific websites that provide potential class members easy access to case information, critical documents, important deadlines, as well as the capability to file claim forms and register for future mailings about the case. Claimants can use the website to elect to receive their settlement payments by mail or by one of several digital payment options, all accessible by mobile devices.

## Settlement Fund Distribution

**From complete escrow services to establishment of qualified settlement funds**, check printing and mailing, electronic cash or stock distribution and tax services, A.B. Data has always provided a full-service solution to Settlement Fund Distribution. Our IT team has decades of experience in developing and implementing fast, secure databases and claims administration systems that ensure class members receive the correct amount in their settlement disbursement. Today's digital capabilities allow even greater convenience for class members. In certain instances, claimants can now elect to

instantaneously receive settlement payments through popular digital-payment options, such as PayPal, Amazon, and virtual debit cards.

## A.B. Data's Leadership

**A.B. Data's administration team** is composed of the following key executives, who collectively have decades of experience settling and administering class actions:

**Bruce A. Arbit, Co-Managing Director** and one of the founders of the A.B. Data Group, serves as Chairman of the Board and oversees the day-to-day operations of the A.B. Data Group of companies, employing almost 400 people in the United States and Israel. Mr. Arbit is also Chairman of the Board of Integrated Mail Industries, Ltd. and has served as a member of the Board of Directors of University National Bank and State Financial Bank. He is the past Chairman of Asset Development Group, Inc., Home Source One, and American Deposit Management and is a member of the National Direct Marketing Association, the Direct Marketing Fundraising Association, and the American Association of Political Consultants. He was named 1996 Direct Marketer of the Year by the Wisconsin Direct Marketing Association.

A.B. Data's work in class action litigation support began with the Court selecting A.B. Data to oversee the restitution effort in the now-famous Swiss Banks Class Action Case, the International Commission on Holocaust Era Insurance Claims, and every other Holocaust Era Asset Restitution program, in which it was the company's job to identify, contact, and inform survivors of the Holocaust. A.B. Data delivered by reaching out to millions of people in 109 countries who spoke more than 30 languages. Since those days, Mr. Arbit has guided the class action division through phenomenal growth and success. Today, A.B. Data manages hundreds of administrations annually that distributes billions of dollars to class members.

**Eric Miller, Senior Vice President**, as a key member of A.B. Data's Class Action Administration Leadership Team, oversees the Case Management Department and supervises the operations and procedures of all of A.B. Data's class action administration cases. Mr. Miller is recognized in the class action administration industry as an expert on securities, SEC, consumer, product recall, product liability, general antitrust, pharmaceutical antitrust, and futures contract settlements, to name a few settlement types. Prior to joining A.B. Data, Mr. Miller served as the Client Service Director for Rust Consulting, responsible there for its securities practice area. He has more than 20 years of operations, project management, quality assurance, and training experience in the class action administration industry. In addition, Mr. Miller manages A.B. Data's office in Palm Beach Gardens, Florida.

**Justin Parks, Senior Vice President**, is a member of A.B. Data's Class Action Administration Leadership Team. Mr. Parks brings extensive experience in client relations to A.B. Data's business development team. Mr. Parks has over 15 years of experience in the legal settlement administration services industry and has successfully managed and consulted on notice plans and other administrative aspects in hundreds of cases. Mr. Parks is uniquely experienced in Data Privacy matters, having consulted with clients on numerous matters stemming from data breaches as well as violations of the Illinois Biometric Information Privacy Act (BIPA), including some of the first ever Biometric Privacy related settlements in history. Mr. Parks' knowledge and understanding of the class action industry, as well as his client relationship skills, expand A.B. Data's capacity to achieve its business development and marketing goals effectively.

**Elaine Pang, Vice President, Media**, oversees the Media Department and is responsible for the direction, development, and implementation of media notice plans for A.B. Data's clients. Ms. Pang brings more than 15 years of experience in developing and implementing multifaceted digital and traditional media for high profile complex legal notice programs. She uses her experience in class actions and advertising to provide the best practicable notice plans for large scale campaigns across domestic and international regions, and she leverages her expertise to better understand the evolving media landscape and utilize cutting-edge technology and measurement tools. Prior to entering the class action industry, Ms. Pang worked with many leading reputable brands, including General Mills, Air Wick, Jet-Dry, Comedy Central, Madison Square Garden, Radio City Music Hall, and Geox. She earned her MBA from Strayer University and holds a BS in Marketing from Pennsylvania State University. Ms. Pang's credentials include Hootsuite Social Marketing Certification, Google Adwords and Analytics Certification, and IAB Digital Media Buying and Planning Certification.

**Paul Sauberer, Vice President of Quality**, is responsible for overseeing quality assurance and process management, working diligently to mitigate risk, ensure exceptional quality control, and develop seamless calculation programming. Mr. Sauberer brings more than 20 years of experience as a quality assurance specialist with a leading claims-processing company where he developed extensive knowledge in securities class action administration. He is recognized as the class action administration industry's leading expert on claims and settlement administrations of futures contracts class actions.

**Steve Straub, Vice President, Operations**, started with A.B. Data in 2012 as a Claims Administrator. He moved through the ranks within the company where he spent the past five years as Senior Project Manager managing many of the complex commodities cases such as *In re LIBOR-Based Financial Instruments Antitrust Litigation*, *In re London Silver Fixing, Ltd. Antitrust Litigation*, and *Laydon v. Mizuho Bank, Ltd., et al*. Mr. Straub's performance in these roles over the past ten years, along with his comprehensive knowledge of company and industry practices and first-person experience leading the project management team, has proven him an invaluable member of the A.B. Data team.

In his role as Vice President of Operations, his responsibilities include developing efficiencies within the operations center, which includes mailroom, call center, and claims processing areas. His areas of expertise include business process development, strategic/tactical operations planning and implementation, risk analysis, budgeting, business expansion, growth planning and implementation, cost reduction, and profit, change, and project management. Mr. Straub is well-versed in the administration of securities, consumer, and antitrust class action settlements. He earned his Juris Doctor degree from Seton Hall University School of Law in Newark, New Jersey.

**Jack Ewashko, Director of Client Services**, brings twenty years of industry and brokerage experience to his role with A.B. Data. He is an accomplished client manager adept at facilitating proactive communications between internal and outside parties to ensure accurate and timely deliverables. Mr. Ewashko previously held positions at two claim administration firms where he oversaw the securities administration teams and actively managed numerous high-profile matters, including the $2.3 billion foreign exchange litigation. He notably served as Vice President, FX and Futures Operations at Millennium Management, a prominent global alternative investment management firm. As he progressed through trading, analytic, management, and consultancy roles at major banks and brokerage firms, Mr. Ewashko gained hands-on experience with vanilla and exotic securities products, including FX, commodities, mutual funds, derivatives, OTC, futures, options, credit, debt, and equities products. In the financial sector, he also worked closely with compliance and legal teams to ensure accuracy and conformity with all relevant rules and regulations regarding the marketing and sale of products, as well as the execution and processing of trades. He has held Series 4, Series 6, Series 7, and Series 63 licenses, and has been a member of the Futures Industry Association

(FIA) and Financial Industry Regulatory Authority (FINRA). Mr. Ewashko earned his Bachelor of Business Administration from Long Island University, Brooklyn, New York.

**Brian Devery, Director of Client Services**, brings more than a decade of experience in class action administration and project management, as well as over two decades of experience as an attorney (ret.). Mr. Devery currently focuses on consumer, antitrust, employment, and other non-securities based administrations. In addition to driving project administration, he is focused on the implementation of process improvement, streamlining, and automation. Mr. Devery is admitted to practice law in State and Federal Courts of New York with his Juris Doctorate earned from the Maurice A. Deane School of Law at Hofstra University, Hempstead, New York.

**Adam Walter, PMP, Director of Client Services**, has nearly fifteen years of experience managing the administration of securities class action settlements and SEC disgorgements totaling more than $4 billion. He has managed settlement programs in engagements involving some of the largest securities class action settlements and is a key contributor to the development of administration strategies that meet the evolving needs of our clients. His responsibilities include developing case administration strategies to ensure that all client and court requirements and objectives are met, overseeing daily operations of case administrations, ensuring execution of client deliverables, providing case-related legal and administration support to class counsel, overseeing notice dissemination programs, implementing complex claims-processing and allocation methodologies, establishing quality assurance and quality control procedures, and managing distribution of settlement funds. Mr. Walter holds a bachelor's degree in business administration from Florida Atlantic University, Boca Raton, Florida. He also has been an active member of the Project Management Institute since 2010 and is PMP®-certified.

**Eric Nordskog, Director of Client Services**, started with A.B. Data in 2012 on the operations team, managing dozens of team leads and claims administrators in the administration of legal cases and actions. In 2017, Mr. Nordskog was promoted to Project Manager, due in part to his proven ability to add consistency and efficiency to the e-claim filing process with new streamlined processes and audit practices. Today, as Director of Client Services, he directs many of A.B. Data's securities, insurance, and consumer cases. He regularly oversees the administration of large insurance cases, such as two recent Cigna Insurance matters that involved complex calculations and over one million class members each. He is also the primary hiring and training manager for new project managers and coordinators. Mr. Nordskog earned his Juris Doctor degree from Marquette University Law School, Milwaukee, in 2001.

**Eric Schultz, MCSE, Information Technology Manager and Security Team Chairperson**, has been with A.B. Data for more than 19 years, and is currently responsible for overseeing all information technology areas for all A.B. Data divisions across the United States and abroad, including network infrastructure and architecture, IT operations, data security, disaster recovery, and all physical, logical, data, and information systems security reviews and audits required by our clients or otherwise. As a Microsoft Certified Systems Engineer (MCSE) with more than 25 years of experience in information technology systems and solutions, Mr. Schultz has developed specializations in network security, infrastructure, design/architecture, telephony, and high-availability network systems.

ab DATA

## Secure Environment

**A.B. Data's facilities provide the highest level of security** and customization of security procedures, including:

- A Secure Sockets Layer server
- Video monitoring
- Limited physical access to production facilities
- Lockdown mode when checks are printed
- Background checks of key employees completed prior to hire
- Frequency of police patrol – every two hours, with response time of five or fewer minutes
- Disaster recovery plan available upon request

## Data Security

**A.B. Data is committed to protecting the confidentiality, integrity, and availability of personal identifying information** and other information it collects from our clients, investors, and class members and requires that its employees, subcontractors, consultants, service providers, and other persons and entities it retains to assist in distributions do the same. A.B. Data has developed an Information Security Policy, a suite of policies and procedures intended to cover all information security issues and bases for A.B. Data, and all of its divisions, departments, employees, vendors, and clients. A.B. Data has also recently taken the necessary, affirmative steps toward compliance with the EU's General Data Protection Regulation and the California Consumer Privacy Act.

A.B. Data has a number of high-profile clients, including the Securities and Exchange Commission (SEC), the United States Department of Justice, the Attorneys General of nearly all 50 states, other agencies of the United States government, and the Government of Israel, as well as direct banking and payment services companies with some of the most recognized brands in United States financial services and some of the largest credit card issuers in the world.

We are therefore frequently subjected to physical, logical, data, and information systems security reviews and audits. We have been compliant with our clients' security standards and have also been determined to be compliant with ISO/IEC 27001/2 and Payment Card Industry (PCI) data-security standards, the Gramm-Leach-Bliley Act (GLB) of 1999, the National Association of Insurance Commissioners (NAIC) Regulations, the Health Insurance Portability and Accountability Act (HIPAA) of 1996, and the Health Information Technology for Economic and Clinical Health Act (HITECH).

The Government of Israel has determined that A.B. Data is compliant with its rigorous security standards in connection with its work on Project HEART (Holocaust Era Asset Restitution Taskforce).

A.B. Data's fund distribution team has been audited by EisnerAmper LLP and was found compliant with class action industry standards and within 99% accuracy. EisnerAmper LLP is a full-service advisory and accounting firm and is ranked the 15th-largest accounting firm in the United States.

In addition, as part of PCI compliance requirements, A.B. Data has multiple network scans and audits from third-party companies, such as SecurityMetrics and 403 Labs, and is determined to be compliant with each of them.

## Fraud Prevention and Detection

**A.B. Data is at the forefront of class action fraud prevention.**

A.B. Data maintains and utilizes comprehensive proprietary databases and procedures to detect fraud and prevent payment of allegedly fraudulent claims.

We review and analyze various filing patterns across all existing cases and claims. Potential fraudulent filers are reported to our clients as well as to the appropriate governmental agencies where applicable.

## Representative Class Action Engagements

**A.B. Data and/or its team members have successfully administered** hundreds of class actions, including many major cases. Listed below are just some of the most representative or recent engagements.

### Consumer & Antitrust Cases

- *In re EpiPen Marketing, Sales Practices and Antitrust Litigation*
- *In re Broiler Chicken Antitrust Litigation - Commercial (Indirect)*
- *In re Broiler Chicken Antitrust Litigation – Indirect*
- *In re Broiler Chicken Antitrust Litigation – Direct*
- *In re Pork Antitrust Litigation – Directs*
- *In re Pork Antitrust Litigation – Indirects*
- *Peter Staley, et al. v. Gilead Sciences, Inc., et al.*
- *In re: Opana ER Antitrust Litigation*
- *In re Ranbaxy Generic Drug Application Antitrust Litigation*
- *In re Valeant Pharmaceuticals Int'l, Inc. Third-Party Payor Litigation*
- *Staley, et al., v. Gilead Sciences*
- *In Re: Generic Pharmaceuticals Pricing Antitrust Litigation – Direct Purchasers*
- *Beef Direct Purchaser Antitrust Litigation*
- *BCBSM, Inc. v. Vyera Pharmaceuticals, et al.* (Daraprim)
- *In re Automobile Antitrust Cases I and II*
- *Olean Wholesale Grocery Cooperative, Inc., et al. v. Agri Stats, Inc., et al.* (Turkey)
- *Integrated Orthopedics, Inc., et al. v. UnitedHealth Group, et al.*
- *In Re: Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation*
- *Vista Healthplan, Inc., et al. v. Cephalon, Inc., et al.* (Provigil)
- *Jeffrey Koenig, et al. v. Vizio, Inc.*

- *Wit, et al. v. United Behavioral Health*
- *Weiss, et al. v. SunPower Corporation*
- *Smith, et al. v. FirstEnergy Corp., et al.*
- *Resendez, et al. v. Precision Castparts Corp. and PCC Structurals, Inc.*
- *Julian, et al. v. TTE Technology, Inc., dba TCL North America*
- *Eugenio and Rosa Contreras v. Nationstar Mortgage LLC*
- *Phil Shin, et al. v. Plantronics, Inc.*
- *In re: Qualcomm Antitrust Litigation*
- *In re Resistors Antitrust Litigation*
- *The Hospital Authority of Metropolitan Government of Nashville and Davidson County, Tennessee v. Momenta Pharmaceuticals, Inc. and Sandoz Inc.* ("Lovenox Antitrust Matter")
- *William Kivett, et al. v. Flagstar Bank, FSB, and DOES 1-100, inclusive*
- *Adelphia, Inc. v. Heritage-Crystal Clean, Inc.*
- *LLE One, LLC, et al. v. Facebook, Inc.*
- *Bach Enterprises, Inc., et al. v. Advanced Disposal Services South, Inc., et al.*
- *JWG Inc., et al. v. Advanced Disposal Services Jacksonville, L.L.C., et al.*
- *State of Washington v. Motel 6 Operating L.P. and G6 Hospitality LLC*
- *In re GSE Bonds Antitrust Litigation*
- *Wave Lengths Hair Salons of Florida, Inc., et al. v. CBL & Associates Properties, Inc., et al.*
- *In re Loestrin 24 FE Antitrust Litigation*
- *Office of the Attorney General, Department of Legal Affairs, State of Florida v. Pultegroup, Inc. and Pulte Home Company, LLC*
- *In re Cigna-American Specialties Health Administration Fee Litigation*
- *In re: Intuniv Antitrust Litigation*
- *High Street, et al. v. Cigna Corporation, et al.*
- *Gordon Fair, et al. v. The Archdiocese of San Francisco, San Mateo, and Marin County*
- *Bizzarro, et al. v. Ocean County Department of Corrections, et al.*
- *Meeker, et al. v. Bullseye Glass Co.*
- *MSPA Claims 1, LLC v. Ocean Harbor Casualty Insurance Company*
- *Tennille v. Western Union Company - Arizona*
- *Garner, et al. v. Atherotech Holdings, Inc.* and *Garner, et al. v. Behrman Brothers IV, LLC, et al.*
- *Robinson, et al. v. Escallate, LLC*
- *Josefina Valle and Wilfredo Valle, et al. v. Popular Community Bank f/k/a Banco Popular North America*
- *Vision Construction Ent., Inc. v. Waste Pro USA, Inc. and Waste Pro USA, Inc. and Waste Pro of Florida, Inc.*
- *Plumley v. Erickson Retirement Communities, et al.*
- *In re London Silver Fixing, Ltd. Antitrust Litigation*
- *Ploss v. Kraft Foods Group, Inc. and Mondelēz Global LLC*
- *In re Mexican Government Bonds Antitrust Litigation*
- *In re Ready-Mixed Concrete Antitrust Litigation*
- *In re: Marine Hose Antitrust Litigation*
- *Iowa Ready Mixed Concrete Antitrust Litigation*
- *In re Potash Antitrust Litigation (II)*
- *In re Evanston Northwestern Healthcare Corp. Antitrust Litigation*
- *In re Polyurethane Foam Antitrust Litigation*
- *In re LIBOR-Based Financial Instruments Antitrust Litigation*
- *In re Lorazepam and Clorazepate Antitrust Litigation*
- *In re Cardizem CD Antitrust Litigation*

- *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.*
- *In re Lupron Marketing and Sales Practices Litigation*
- *In re Terazosin Hydrochloride Antitrust Litigation*
- *In re Warfarin Sodium Antitrust Litigation*
- *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation*
- *Carpenters and Joiners Welfare Fund, et al. v. SmithKline Beecham*
- *New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, et al. v. Purdue Pharma L.P.*
- *In Re Pharmaceutical Industry Average Wholesale Price Litigation*
- *Alma Simonet, et al. v. SmithKline Beecham Corporation, d/b/a GlaxoSmithKline*
- *In re Relafen Antitrust Litigation*
- *In Re Remeron Direct Purchaser Antitrust Litigation*
- *In re TriCor Indirect Purchasers Antitrust Litigation*
- *Nichols, et al., v. SmithKline Beecham Corporation*
- *In re: DDAVP Indirect Purchaser Antitrust Litigation*

## Securities Cases

- *Plymouth County Retirement Association v. Spectrum Brands Holdings, Inc., et al.*
- *Tung, et al. v. Dycom Industries, Inc., et al.*
- *Boutchard., et al. v. Gandhi, et al.* ("Tower/e-Minis")
- *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*
- *SEB Investment Management AB, et al. v. Symantec Corporation, et al.*
- *In re Impinj, Inc. Securities Litigation*
- *In re Netshoes Securities Litigation*
- *Yellowdog Partners, LP, et al. v. Curo Group Holdings Corp., et al.*
- *In re Brightview Holdings, Inc. Securities Litigation*
- *In re Obalon Therapeutics, Inc. Securities Litigation*
- *In re Willis Towers Watson PLC Proxy Litigation*
- *In re Blue Apron Holdings, Inc. Securities Litigation*
- *In re: Qudian Inc. Securities Litigation*
- *Plymouth County Contributory Retirement System v. Adamas Pharmaceuticals, et al.*
- *In re Perrigo Company PLC Securities Litigation*
- *Enriquez, et al. v. Nabriva Therapeutics PLC, et al.*
- *Teamsters Local 456 Pension Fund, et al. v. Universal Health Services, Inc., et al.*
- *Olenik, et al. v. Earthstone Energy, Inc.*
- *Shenk v. Mallinckrodt plc, et al.*
- *In re The Allstate Corp. Securities Litigation*
- *Christopher Vataj v. William D. Johnson, et al.* (PG&E Securities II)
- *Kirkland v. WideOpenWest, Inc.*
- *Oklahoma Police Pension and Retirement System v. Sterling Bancorp, Inc.*
- *In re Uxin Limited Securities Litigation*
- *City of Hallandale Beach Police Officers' & Firefighters' Personnel Retirement Trust v. Ergen, et al.* (Echostar)
- *Lewis v. YRC Worldwide Inc., et al.*
- *Tomaszewski v. Trevena, Inc., et al.*
- *In re Restoration Robotics, Inc. Securities Litigation*
- *Public Employees' Retirement Systems of Mississippi, et al. v. Treehouse Foods, Inc., et al.*
- *Ronald L. Jackson v. Microchip Technology, Inc., et al.*

- *In re Micro Focus International plc Securities Litigation*
- *In re Dynagas LNG Partners LP Securities Litigation*
- *Weiss, et al. v. Burke, et al.* (Nutraceutical)
- *Yaron v. Intersect ENT, Inc., et al.*
- *Utah Retirement Systems v. Healthcare Services Group, Inc., et al.*
- *In re PPDAI Group Inc. Securities Litigation*
- *In re: Evoqua Water Technologies Corp. Securities Litigation*
- *In re Aqua Metals, Inc. Securities Litigation*
- *St. Lucie County Fire District Firefighters' Pension Trust Fund v. Southwestern Energy Company*
- *In re CPI Card Group Inc. Securities Litigation*
- *Arkansas Teacher Retirement System, et al. v. Alon USA Energy, Inc., et al.*
- *In re TAL Education Group Securities Litigation*
- *GCI Liberty Stockholder Litigation*
- *In re SciPlay Corporation Securities Litigation*
- *In re Allergan Generic Drug Pricing Securities Litigation*
- *In re Vivint Solar, Inc. Securities Litigation*
- *In re YayYo Securities Litigation*
- *In re JPMorgan Treasury Futures Spoofing Litigation*
- *Searles, et al. v. Crestview Partners, LP, et al.* (Capital Bank)
- *In re Lyft, Inc. Securities Litigation*
- *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
- *In re JPMorgan Precious Metals Spoofing Litigation*
- *In re Pivotal Software, Inc. Securities Litigation*
- *Longo, et al. v. OSI Systems, Inc., et al.*
- *In re Homefed Corporation Stockholder Litigation*
- *Pierrelouis v. Gogo Inc., et al.*
- *Pope v. Navient Corporation, et al.*
- *In re Merit Medical Systems, Inc. Securities Litigation*
- *In re Frontier Communications Corporation Stockholder Litigation*
- *Holwill v. AbbVie Inc.*
- *Budicak, Inc., et al. v. Lansing Trade Group, LLC, et al.* (SRW Wheat Futures)
- *Yannes, et al. v. SCWorx Corporation*
- *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
- *In re Myriad Genetics, Inc. Securities Litigation*
- *In re Chicago Bridge & Iron Co. N.V. Securities Litigation*
- *The Arbitrage Fund, et al. v. William Petty, et al.* (Exactech)
- *In re Columbia Pipeline Group, Inc. Merger Litigation*
- *Martinek v. AmTrust Financial Services, Inc.*
- *City of Pittsburgh Comprehensive Municipal Pension Trust Fund, et al. v. Benefitfocus, Inc., et al.*
- *In re: Evoqua Water Technologies Corp. Securities Litigation*
- *Laydon v. Mizuho Bank, Ltd., et al.*
- *Lomingkit, et al. v. Apollo Education Group, Inc., et al.*
- *In re Caraco Pharmaceutical Laboratories, Ltd. Shareholder Litigation*
- *Norfolk County Retirement System, et al. v. Community Health Systems, Inc., et al.*
- *Chester County Employees' Retirement Fund v. KCG Holdings, Inc., et al.*
- *Oklahoma Law Enforcement Retirement System, et al. v. Adeptus Health Inc., et al.*
- *Di Donato v. Insys Therapeutics, Inc., et al.*
- *Lundgren-Wiedinmyer, et al. v. LJM Partners, Ltd, et al.*
- *Martin, et al. v. Altisource Residential Corporation, et al.*
- *Stephen Appel, et al. v. Apollo Management, et al.*

- *In re Medley Capital Corporation Stockholder Litigation*
- *Forman, et al. v. Meridian BioScience, Inc., et al.*
- *Public Employees' Retirement System of Mississippi, et al. v. Endo International PLC, et al.*
- *In Re Flowers Foods, Inc. Securities Litigation*
- *Jiangchen, et al. v. Rentech, Inc., et al.*
- *In re Liberty Tax, Inc. Stockholder Litigation*
- *In re RH, Inc. Securities Litigation*
- *Lazan v. Quantum Corporation, et al.*
- *Nabhan v. Quantum Corporation, et al.*
- *Edmund Murphy III, et al. v. JBS S.A.*
- *Public Employees' Retirement System of Mississippi, et al. v. Sprouts Farmers Market, Inc., et al.*
- *In re Starz Stockholder Litigation*
- *Judith Godinez, et al. v. Alere Inc., et al.*
- *Rahman and Giovagnoli, et al. v. GlobalSCAPE, Inc., et al.*
- *Arthur Kaye, et al. v. ImmunoCellular Therapeutics, Ltd., et al.*
- *In re CPI Card Group Inc. Securities Litigation*
- *Daniel Aude, et al. v. Kobe Steel, Ltd., et al.*
- *In re Quality Systems, Inc. Securities Litigation*
- *Cooper, et al. v. Thoratec Corporation, et al.*
- *Washtenaw County Employees' Retirement System, et al. v. Walgreen Co., et al.*
- *Elkin v. Walter Investment Management Corp., et al.*
- *In Re CytRx Corporation Securities Litigation*
- *Ranjit Singh, et al. v. 21Vianet Group, Inc., et al.*
- *In re PTC Therapeutics, Inc. Securities Litigation*
- *Securities and Exchange Commission v. Mark A. Jones*
- *In re Sequans Communications S.A. Securities Litigation*
- *In re Henry Schein, Inc. Securities Litigation*
- *Ronge, et al. v. Camping World Holdings, Inc., et al.*
- *Oklahoma Firefighters Pension & Retirement System v. Lexmark International, Inc.*
- *Christakis Vrakas, et al. v. United States Steel Corporation, et al.*
- *Emerson et al. v. Mutual Fund Series Trust, et al.* ("Catalyst")
- *In re Fannie Mae 2008 Securities Litigation*
- *In re Anadarko Petroleum Corporation Class Action Litigation*
- *Ge Dandong, et al., v. Pinnacle Performance Limited, et al.*
- *In Re: Rough Rice Commodity Litigation*
- *Xuechen Yang v. Focus Media Holding Limited et al.*
- *In re Massey Energy Co. Securities Litigation*
- *In re Swisher Hygiene, Inc.*
- *The City of Providence vs. Aeropostale, Inc., et al.*
- *In re Metrologic Instruments, Inc. Shareholders Litigation*
- *Public Pension Fund Group v. KV Pharmaceutical Company et al.*
- *Pension Trust Fund for Operating Engineers, et al. v. Assisted Living Concepts, Inc., et al.*
- *In re Lehman Brothers Equity/Debt Securities Litigation*
- *In re: Platinum and Palladium Commodities Litigation* (Platinum/Palladium Physical Action)
- *In re: Platinum and Palladium Commodities Litigation* (Platinum/Palladium Futures Action)
- *In re General Electric Co. Securities Litigation*
- *In re CNX Gas Corporation Shareholders Litigation*
- *Oscar S. Wyatt, Jr. et al. v. El Paso Corporation, et al.*
- *In re Par Pharmaceutical Securities Litigation*
- *In re Par Pharmaceutical Companies, Inc. Shareholders Litigation*

- *In re Delphi Financial Group Shareholders Litigation*
- *In re SLM Corporation Securities Litigation*
- *In re Del Monte Foods Company Shareholder Litigation*
- *Leslie Niederklein v. PCS Edventures!.com, Inc. and Anthony A. Maher*
- *In re Beckman Coulter, Inc. Securities Litigation*
- *Michael Rubin v. MF Global, Ltd., et al.*
- *Allen Zametkin v. Fidelity Management & Research Company, et al.*
- *In re BP Prudhoe Bay Royalty Trust Securities Litigation*
- *Police and Fire Retirement System of the City of Detroit et al. v. SafeNet, Inc., et al.*
- *In re Limelight Networks, Inc. Securities Litigation*
- *In re Gilead Sciences Securities Litigation*
- *In re ACS Shareholder Litigation, Consolidated C.A. No. 4940-VCP*
- *Lance Provo v. China Organic Agriculture, Inc., et al.*
- *In re LDK Solar Securities Litigation*

## Labor & Employment Cases

- *Verizon OFCCP Settlement*
- *Alvarez, et al. v. GEO Secure Services, LLC*
- *Sartena v. Meltwater FLSA*
- *Carmen Alvarez, et al. v. Chipotle Mexican Grill, Inc., et al.*
- *Turner, et al. v. Chipotle Mexican Grill, Inc.*
- *Long, et al. v. Southeastern Pennsylvania Transportation Authority*
- *Matheson, et al. v. TD Bank, N.A.*
- *Ludwig, et al. v. General Dynamics Information Technology, Inc., et al.*
- *Bedel, et al. v. Liberty Mutual Group Inc.*
- *Irene Parry, et al. v. Farmers Insurance Exchange, et al.*
- *Maldonado v. The GEO Group, Inc.*
- *Alderman and Maxey v. ADT, LLC*
- *Albaceet v. Dick's Sporting Goods*
- *Rodriguez v. The Procter & Gamble Company*
- *Adekunle, et al. v. Big Bang Enterprises, Inc. d/b/a The Revenue Optimization Companies*
- *Gorski, et al. v. Wireless Vision, LLC*
- *Lopez, et al. v. New York Community Bank, et al.*
- *Hamilton, et al. v. The Vail Corporation, et al.*
- *Eisenman v. The Ayco Company L.P.*
- *Matheson v. TD Bank, N.A.*
- *Simon v. R.W. Express LLC, d/b/a Go Airlink NYC*
- *Perez v. Mexican Hospitality Operator LLC, d/b/a Cosme*
- *Shanahan v. KeyBank, N.A.*
- *Loftin v. SunTrust Bank*
- *Alvarez v. GEO Secure Services, LLC*
- *Weisgarber v. North American Dental Group, LLC*
- *Talisa Borders, et al. v. Wal-mart Stores, Inc.*
- *Reale v. McClain Sonics Inc., et al.*
- *Larita Finisterre and Songhai Woodard, et al. v. Global Contact Services, LLC*
- *Adebisi Bello v. The Parc at Joliet*
- *Garcia, et al. v. Vertical Screen, Inc.*
- *Brook Lemma and Matthieu Hubert, et al. v. 103W77 Partners LLC, et al.* ("Dovetail Settlement")

- *American Federation of Government Employees, Local 1145 v. Federal Bureau of Prisons, U.S. Penitentiary, Atlanta, Georgia*
- *Lisa Ferguson, Octavia Brown, et al. v. Matthew G. Whitaker, Acting AG, DOJ Bureau of Prisons ("USP Victorville")*
- *American Federation of Government Employees, Local 2001 v. Federal Bureau of Prisons, Federal Correctional Institution, Fort Dix, New Jersey*
- *American Federation of Government Employees, Local 506 v. U.S. Department of Justice, Federal Bureau of Prisons, U.S. Penitentiary Coleman II, Coleman, Florida*
- *Vargas v. Sterling Engineering*
- *Rosenbohm v. Verizon*
- *Alex Morgan, et al. v. United States Soccer Federation, Inc.*
- *Iskander Rasulev v. Good Care Agency, Inc.*
- *Kyndl Buzas, et al., v. Phillips 66 Company and DOES 1 through 10*
- *American Federation of Government Employees, Local 408 v. U.S. Dept. of Justice, Federal Bureau of Prisons, Federal Correctional Complex, Butner, NC*
- *In re 2014 Avon Products, Inc. ERISA Litigation*
- *In re Eastman Kodak ERISA Litigation*
- *Taronica White, et al. v. Attorney General Loretta Lynch, Department of Justice*
- *Lisa Ferguson, et al. v. Acting Attorney General Matthew Whitaker, Department of Justice*
- *Melissa Compere v. Nusret Miami, LLC, et al.*
- *Abelar v. American Residential Services, L.L.C., Central District of California*
- *Flores, et al. v. Eagle Diner Corp., et al., Eastern District of Pennsylvania*
- *Michael Furman v. Godiva Chocolatier, Inc., 15th Judicial Circuit, Palm Beach County, Florida*
- *Finisterre et. al v. Global Contact Services, LLC, New York State Supreme Court, Kings County*
- *McGuire v. Intelident Solutions, LLC, et al., Middle District of Florida, Tampa Division*
- *Duran De Rodriguez, et al. v. Five Star Home Health Care Agency, Inc. et al., Eastern District of New York*

## Data Breach/BIPA Cases

- *Hunter v. J.S.T. Corp. BIPA Settlement*
- *Atkinson, et al. v. Minted, Inc.*
- *Rosenbach, et al. v. Six Flags Entertainment Corporation and Great America LLC*
- *Pratz, et al. v. MOD Super Fast Pizza, LLC*
- *The State of Indiana v. Equifax Data Breach Settlement*
- *In re: Vizio, Inc. Consumer Privacy Litigation*
- *In re: Google, Inc. Street View Electronic Communications Litigation*
- *Devin Briggs and Bobby Watson, et al. v. Rhinoag, Inc.* ("Briggs Biometric Settlement")
- *Trost v. Pretium Packaging L.L.C.*
- *In re: Barr, et al. v. Drizly, LLC f/k/a Drizly, Inc., et al.*

## Telephone Consumer Protection Act (TCPA) Cases

- *Perrong, et al. v. Orbit Energy & Power, LLC*
- *Baldwin, et al. v. Miracle-Ear, Inc.*
- *Floyd and Fabricant, et al. v. First Data Merchant Services LLC, et al.*
- *Hoffman, et al. v. Hearing Help Express, Inc., et al.*
- *Lowe and Kaiser, et al. v. CVS Pharmacy, Inc., et al.*
- *Johansen v. HomeAdvisor, Inc., et al.*
- *Charvat, et al. v. National Holdings Corporation*
- *Hopkins, et al. v. Modernize, Inc.*

- *Diana Mey vs. Frontier Communications Corporation*
- *Matthew Donaca v. Dish Network, L.L.C.*
- *Matthew Benzion and Theodore Glaser v. Vivint, Inc.*
- *John Lofton v. Verizon Wireless (VAW) LLC, et al.*
- *Lori Shamblin v. Obama for America, et al.*
- *Ellman v. Security Networks*

## For More Information

For more detailed information regarding A.B. Data's experience, services, or personnel, please see our website at **www.abdataclassaction.com**.

# EXHIBIT B


NOTICE OF ATTORNEY GENERAL
SETTLEMENT WITH CORTEVA
To Arkansa Consumers Who Purchased
or Paid for Certain Corteva-Branded
Crop Protection Products
YOUR LEGAL RIGHTS
MAY BE AFFECTED
LEARN MORE
www.websiteurl.com

# EXHIBIT C

PROPOSED - SUBJECT TO COURT APPROVAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS - CENTRAL DIVISION**

*State of Arkansas, ex rel. Tim Griffin, Attorney General v. Corteva, Inc., et al.* | Case No. 4:22-cv-01287-BSM

# NOTICE OF ATTORNEY GENERAL SETTLEMENT WITH CORTEVA

## TO ARKANSAS CONSUMERS WHO PURCHASED OR PAID FOR CERTAIN CORTEVA CROP-PROTECTION PRODUCTS

**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

Arkansas Attorney General Tim Griffin has entered into a settlement agreement with Corteva, Inc. and Corteva Agriscience, LLC (collectively, "Corteva"), that, in addition to recovered penalties under Arkansas law, also resolves a limited claim brought under the federal Sherman Act (15 U.S.C. § 15c) by the State of Arkansas (the "State" or the "State of Arkansas") on behalf of certain consumers as defined by that statute. The settlement remains subject to final approval by the United States District Court for the Eastern District of Arkansas in *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Corteva, Inc., et al*., Case No. 4:22-cv-01287-BSM.

**Settlement information and the complete Court-approved notice: [SETTLEMENT WEBSITE]**

This notice is directed to natural persons who reside in Arkansas that, between October 27, 2018, and **[NOTICE PUBLICATION DATE]**, inclusive, purchased certain Corteva-branded crop protection products that contain the following active ingredients ("AIs"): Rimsulfuron, Oxamyl, Acetochlor, Cyhalofop, Picloram, Triclopyr, Methoxyfenozide, and Aminopyralid. For a complete list of brand names and products covered by this settlement, please visit **[SETTLEMENT WEBSITE]**.

As defined by 15 U.S.C. § 15c, this particular federal claim does not include legal entities such as corporations, limited liability companies, or partnerships.

Under the settlement, Corteva will pay $3.1 million into a settlement fund established by the Attorney General. If the settlement agreement receives final approval, the Attorney General may utilize the fund for any lawful purposes. These purposes may include, without limitation, covering the costs of notification and administration; litigation costs and attorneys' fees (determined by statute); civil penalties; and payments for the benefit of Arkansas crop farmers. Currently, the settlement does not create an individual claims process, establish a fixed consumer allocation, or guarantee any payments. Any future distribution program will be announced separately.

Potentially eligible consumers have the following options regarding the proposed settlement: **(1) Remain in the Settlement**: Stay in the settlement and be bound by the final judgment and release; **(2) Request Exclusion**: Opt out by **[OPT-OUT DEADLINE]**, preserving their individual claims but forfeiting their settlement rights; or **(3) Object**: Object by **[OBJECTION DEADLINE]** while remaining a covered consumer. A consumer may not both request exclusion and object. The Court will consider final approval at a hearing scheduled for **[FINAL APPROVAL HEARING DATE]** at **[HEARING TIME]**. Exact requirements and hearing updates are available on the settlement website. **[SETTLEMENT WEBSITE]**.

The State alleges that Corteva used loyalty or rebate programs to restrain sales of lower-priced generic crop-protection products, suppress competition, and cause Arkansas purchasers to pay higher prices for certain Corteva crop-protection products. Corteva denies any liability or wrongdoing. The proposed settlement only resolves claims against Corteva and the related released parties, as described in the settlement agreement (the "Corteva Releasees"). Arkansas continues to litigate similar antitrust claims against Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively "Syngenta") with regard to products containing the AIs Azoxystrobin, Mesotrione, Metolachlor, S-Metolachlor, Fomesafen, Lambda-Cyhalothrin and Difenoconazole.

For further details concerning the settlement, the settlement agreement, deadlines, instructions, hearing updates, and contact information, visit **[SETTLEMENT WEBSITE]**.

# EXHIBIT D

PROPOSED - SUBJECT TO COURT APPROVAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS - CENTRAL DIVISION

*State of Arkansas, ex rel. Tim Griffin, Attorney General v. Corteva, Inc., et al.* | *Case No. 4:22-cv-01287-BSM*

# NOTICE OF ATTORNEY GENERAL SETTLEMENT WITH CORTEVA

## TO ARKANSAS CONSUMERS WHO PURCHASED OR PAID FOR CERTAIN CORTEVA-BRANDED CROP PROTECTION PRODUCTS

**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

Arkansas Attorney General Tim Griffin has entered into a settlement agreement with Corteva, Inc. and Corteva Agriscience, LLC (collectively, "Corteva"), that, in addition to recovered penalties under Arkansas law, also resolves a limited claim brought under the federal Sherman Act (15 U.S.C. § 15c) by the State of Arkansas (the "State" or the "State of Arkansas") on behalf of certain consumers as defined by that statute. The settlement remains subject to final approval by the United States District Court for the Eastern District of Arkansas in *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Corteva, Inc., et al.*, Case No. 4:22-cv-01287-BSM.

**Settlement information and the complete Court-approved notice: [SETTLEMENT WEBSITE]**

This notice is directed to natural persons who reside in Arkansas that, between October 27, 2018, and **[NOTICE PUBLICATION DATE]**, inclusive, purchased certain Corteva-branded crop protection products that contain the following active ingredients ("AIs"): Rimsulfuron, Oxamyl, Acetochlor, Cyhalofop, Picloram, Triclopyr, Methoxyfenozide, and Aminopyralid. For a complete list of brand names and products covered by this settlement, please visit **[SETTLEMENT WEBSITE]**. As defined by 15 U.S.C. § 15c, this particular federal claim does not include legal entities such as corporations, limited liability companies, or partnerships.

Under the settlement, Corteva will pay $3.1 million into a settlement fund established by the Attorney General. If the settlement agreement receives final approval, the Attorney General may utilize the fund for any lawful purposes. These purposes may include, without limitation, covering the costs of notification and administration; paying for litigation costs and attorneys' fees (as determined by statute); civil penalties; and providing payments for the benefit of Arkansas crop farmers. Currently, the settlement does not create an individual claims process, establish a fixed allocation for consumers, or guarantee any payments. Any future distribution program will be announced separately.

Potentially eligible consumers have the following options regarding the proposed settlement: **(1) Remain in the Settlement**: Stay in the settlement and be bound by the final judgment and release; **(2) Request Exclusion:** Opt out by **[OPT-OUT DEADLINE]**, to preserve their individual claims, but forfeit settlement rights; **or (3) Object:** Object by **[OBJECTION DEADLINE]** while remaining a covered consumer. A consumer may not both request exclusion and object. The Court will consider final approval at a hearing scheduled for **[FINAL APPROVAL HEARING DATE]** at **[HEARING TIME]**. Exact requirements and hearing updates are available on the settlement website. **[SETTLEMENT WEBSITE]**.

The State alleges that Corteva used loyalty or rebate programs to restrain sales of lower-priced generic crop protection products, suppress competition, and cause Arkansas purchasers to pay higher prices for certain Corteva crop protection products. Corteva denies any liability or wrongdoing. The proposed settlement resolves claims only against Corteva and the related released parties. Arkansas continues to litigate similar antitrust claims against Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively "Syngenta") regarding products containing the AIs Azoxystrobin, Mesotrione, Metolachlor, S-Metolachlor, Fomesafen, Lambda-Cyhalothrin, and Difenoconazole.

For further details concerning the settlement, the settlement agreement, deadlines, instructions, hearing updates, and contact information, visit **[SETTLEMENT WEBSITE]**.

### 1. WHAT IS THE LAWSUIT ABOUT?

The Arkansas Attorney General filed this lawsuit on behalf of the State of Arkansas to enforce state fair competition laws and, as *parens patriae* under federal antitrust law, for the benefit of natural persons residing in Arkansas (15 U.S.C. §15c). "*Parens patriae*" is a legal term used in the federal Sherman Act meaning that the Attorney General may represent certain natural persons who reside in Arkansas.

The State alleges that Corteva, Inc. employed loyalty or rebate programs with distributors to limit competition from lower-priced generic crop protection products, including certain herbicides, insecticides, and fungicides. This conduct was alleged to have caused Arkansas farmers to pay higher prices. The State filed claims under the Sherman Act as well as other Arkansas antitrust and fair-competition laws. Corteva denies these allegations, denies any liability or wrongdoing, and maintains that it has valid defenses.

## 2. WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?

Corteva has agreed to pay $3,100,000 to settle the State's claims against it. If the Court approves the settlement, the Arkansas Attorney General may use these recovered funds at its discretion for any lawful purpose, including, without limitation: payment of notice and administration costs; payment of litigation costs and attorneys' fees (as determined by statute); civil penalties; and payments for the benefit of Arkansas crop farmers.

The settlement agreement does not currently establish a fixed allocation of the settlement fund, an automatic individual payment, or a claims process. Staying in the Settlement does not guarantee that you will receive any money. Details about any future distribution program will be announced separately.

The settlement also provides that any nationwide injunctive relief Corteva may be required to implement in *FTC v. Syngenta Crop Protection AG*, No. 1:22-cv-00828-TDS-JEP (M.D.N.C.), whether by settlement or judgment, will apply equally in Arkansas and will be enforceable by the Arkansas Attorney General.

The proposed Settlement only resolves claims against Corteva and its related persons and entities, as defined in the Settlement Agreement, the "Corteva Releasees."

## 3. YOUR RIGHTS AND OPTIONS

| OPTION | WHAT IT MEANS |
|---|---|
| **DO NOTHING/ REMAIN IN THE SETTLEMENT** | You will remain covered. If the Court ultimately approves the settlement, you will be bound by the judgment and the release described in this notice. |
| **REQUEST TO EXCLUDE YOURSELF** | Mail a valid individual request for exclusion postmarked no later than [OPT-OUT DEADLINE]. You will keep any right you may have to pursue your own claims against Corteva, but you will have no rights under this settlement. If you choose this option, you cannot object to the settlement. |
| **OBJECT** | File a written objection with the Court and serve it on counsel no later than [OBJECTION DEADLINE]. You will remain covered and, if the settlement is approved, you will be bound by it. You cannot both object and exclude yourself. |
| **ATTEND THE HEARING** | A Final Approval Hearing is scheduled for [HEARING DATE] at [HEARING TIME]. Attendance is optional. To ask to speak, you must timely object (as indicated above) and state that you intend to appear or testify. |

## 4. HOW DO I EXCLUDE MYSELF?

To exclude yourself, you must mail an individual written request for exclusion to the address below. The request must be postmarked no later than [OPT-OUT DEADLINE]. **DO NOT SEND YOUR EXCLUSION REQUEST TO THE COURT**. The request must include:

1. Your full legal name, current mailing address, telephone number, and e-mail address.

2. A statement clearly indicating that you wish to be excluded from the proposed Corteva Settlement in *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Corteva, Inc., et al.*, Case No. 4:22-cv-01287-BSM.

3. Any copies of invoices, receipts, or other records sufficient to establish that you purchased one or more Corteva-branded crop protection products subject to the Action between October 27, 2018 and [PUBLICATION DATE], inclusive.

4. Your handwritten signature.

5. If you seek to exclude claims assigned to you, documentation evidencing the assignment and your authority to exclude such assigned claims.

6. If someone submits the request for you, proof of that person's legal authority and your authorization for that person to act on your behalf.

A Consumer may not exclude another Consumer from participation in the settlement. Group, class, or mass exclusions are not permitted. A request that does not satisfy the Court-approved requirements may be deemed invalid, in which case, you will remain bound by the Settlement should it become final.

**MAIL REQUESTS FOR EXCLUSION TO:**
[CORTEVA SETTLEMENT EXCLUSIONS]
[C/O SETTLEMENT ADMINISTRATOR OR ARKANSAS OAG]
[MAILING ADDRESS]
[CITY, STATE ZIP]

## 5. HOW DO I OBJECT?

Objecting is different from excluding yourself. If you object, you remain covered by the settlement. To object, you must file a written objection with the Court and serve copies on counsel for the State and Corteva no later than [OBJECTION DEADLINE]. Your objection must identify the case name and number, and include ***all*** of the following information:

1. your full legal name, mailing address, telephone number, and an e-mail address, if any;
2. information and documents showing that you are an Arkansas Consumer, including proof of a purchase between October 27, 2018 and [PUBLICATION DATE], inclusive, of a Corteva-branded crop protection that contains one or any of the following AIs: Rimsulfuron, Oxamyl, Acetochlor, Cyhalofop, Picloram, Triclopyr, Methoxyfenozide, and Aminopyralid;
3. a complete statement of every ground for your objection along with any applicable legal support;
4. the identity of every attorney representing you, including any attorney who will appear at the Final Approval Hearing;
5. a list of all persons you plan to call as witnesses at the Final Approval Hearing;
6. a statement indicating whether you intend to appear personally or testify at the Final Approval Hearing; and
7. your signature and, if you are represented by an attorney, their signature.

By submitting an objection, you consent to the jurisdiction of the Court and to accept service of legal documents, including subpoenas for testimony, via the e-mail address you provide. If you object, you waive your right to exclude yourself. Conversely, if you choose to exclude yourself, you waive the right to object. Failure to follow the Court-approved objection procedures and requirements may result in waiver of your objection.

**FILE THE ORIGINAL OBJECTION WITH:**
Clerk of Court
United States District Court, Eastern District of Arkansas
Richard Sheppard Arnold United States Courthouse
600 West Capitol Avenue, Room A149
Little Rock, AR 72201
Re: Case No. 4:22-cv-01287-BSM

| **SERVE A COPY ON COUNSEL FOR THE STATE:** | **SERVE A COPY ON COUNSEL FOR CORTEVA:** |
|---|---|
| Amanda Wentz<br>Senior Assistant Attorney General<br>Arkansas Attorney General's Office<br>101 West Capitol Avenue<br>Little Rock, AR 72201<br>amanda.wentz@arkansasag.gov | Jason Leckerman and Emilia McKee Vassallo<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>LeckermanJ@ballardspahr.com<br>McKeeVassalloE@ballardspahr.com |

## 6. WHAT CLAIMS WILL I RELEASE IF I STAY IN THE SETTLEMENT?

IMPORTANT: If you do not timely and validly exclude yourself, you will be a "State Releasor" and, if the Court grants final approval, you will release, acquit, and forever discharge the Corteva Releasees from all "Released Claims" described in the Settlement Agreement.

The release covers any and all claims, damages, restitution, injunctive or other equitable relief, penalties, causes of action or complaints, whether arising in law or in equity, or arising under any statute or regulation, including without limitation any state or federal antitrust statutes, or any federal or state unfair competition, deceptive trade practice, or consumer protection laws, that the State Releasors ever had, now have, or hereafter can, shall or may ever have on account of, or in any way arising from or relating to Corteva's marketing, sale, or distribution of, or Arkansas's citizens' purchases of or payments for, Corteva's Crop Protection Products as alleged or as could have been alleged in the Action to the fullest extent allowed by law.

**THE SETTLEMENT DOES NOT RELEASE CLAIMS AGAINST SYNGENTA OR ANY OTHER PERSON OR ENTITY THAT IS NOT A CORTEVA RELEASEE.**

## 7. WHEN AND WHERE IS THE FINAL APPROVAL HEARING?

The Court will hold a Final Approval Hearing on [HEARING DATE] at [HEARING TIME], before the Honorable Brian S. Miller, United States District Judge, at the Richard Sheppard Arnold United States Courthouse, 600 West Capitol Avenue, Little Rock, Arkansas 72201, [COURTROOM OR REMOTE-ACCESS INFORMATION].

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate; whether the notice was sufficient; any timely objections; and whether to enter the proposed Final Approval Order and Judgment. You DO NOT need to attend. You may appear with or through your own attorney, at your own expense. The Court may change the date, time, location, or method of the hearing without another published notice, so check the settlement website before making plans to attend. **[SETTLEMENT WEBSITE]**

## 8. HOW CAN I GET MORE INFORMATION?

This notice is only a summary. The complete settlement agreement, the Second Amended Complaint, the Preliminary Approval Order, and other important documents are available at [SETTLEMENT WEBSITE OR ARKANSASAG.GOV CASE PAGE]. You may also call [TOLL-FREE NUMBER], e-mail [SETTLEMENT E-MAIL], or write to [SETTLEMENT ADMINISTRATOR OR ARKANSAS OAG MAILING ADDRESS].

**PLEASE DO NOT CONTACT THE JUDGE, THE COURT, OR CORTEVA FOR INFORMATION ABOUT THE SETTLEMENT. COURT STAFF CANNOT GIVE LEGAL ADVICE.**