# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

| | |
|---|---|
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | No. 4:22-cv-01287-BSM<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF STATE OF ARKANSAS'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT CORTEVA, INC. |

Having considered Plaintiff State of Arkansas, *ex rel.* Tim Griffin, Attorney General's ("OAG" ) Motion for Preliminary Approval of Settlement with Defendants Corteva, Inc. ("Corteva") ("Motion"), and good cause appearing therefore, the Court hereby GRANTS the Motion as follows:

1. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement ("Settlement") entered into by and between the OAG and Corteva on July 15, 2026.

2. The Court has reviewed the Settlement and assessed its fairness, reasonableness, and adequacy. The Court anticipates that it will likely approve the Settlement at a later final approval hearing. At this preliminary stage, it appears that the Settlement resulted from arm's-length negotiations that were informed and non-collusive. It has no obvious deficiencies, and it was made in good faith. Therefore, the Court preliminarily approves the Settlement based on the terms set forth in the Agreement, subject to further review at the final approval hearing.

3. The Court hereby stays all proceedings in this action against Corteva only, except those proceedings provided for, or required by, the Settlement.

4. The Court approves that A.B. Data, Ltd. (the "Administrator") will serve as the Settlement Administrator for the Settlement. The Court also approves OAG's full authority to hold and use the Settlement proceeds at the OAG's discretion for any lawful purpose, including, but not limited to: payment of notice to Consumers and the administration thereof pursuant to 15 U.S.C. § 15c(b); payment of costs and attorneys' fees incurred litigating the OAG's claims, as provided under Ark. Code Ann. § 25-16-714;

payment of civil penalties, and restitution for the benefit of crop farmers within the State of Arkansas.

5. The Court finds that the proposed form of notice to Consumers and plan for dissemination of notice are reasonable under the circumstances of this case, and, therefore, approves the Notice Plan under 15 U.S.C. § 15c, submitted as Exhibit 3-A to the Motion.

6. The OAG shall cause the notice to be disseminated via publication, as set forth in the Notice Plan. Notice shall begin within __ [14] days following the date of entry of this Order and continue until at least __ [60] days after the date of this Order.

7. Later, as directed by the Court, the OAG, shall cause notice to be published on a dedicated website—ArkansasCortevaCPPSettlement.com. The website shall include separate links for documents relating to the Settlement, along with any necessary filings and information regarding the Settlement. Additionally, the Settlement website shall include a settlement overview and outline the options available to Consumers who wish to be excluded from or to object to the Settlement. This information will be posted within __ [14] days following the date of the entry of this Order.

8. Eligible Consumers may opt out of the Settlement. To be timely and valid, any written request for exclusion from the Settlement must be consistent with the requirements set forth in the Settlement and include the following details and a handwritten signature: the Consumer's full name, address, telephone number, and e-mail address, along with a statement that they wish to be excluded from the Settlement. Any such Consumer must also include sufficient evidence to establish purchases between October 27, 2018 and the date the notice is published, inclusive, of Corteva-branded crop protection products

subject to this Action. This request must be received by the Administrator no later than __ [70] days following the date of entry of this Order. Furthermore, any Consumer that seeks to exclude from the Settlement any claims assigned to that Consumer must, in addition to the above documentation requirements, submit additional documentation demonstrating such assignment and their authority to exclude those claims from the terms of the Settlement. Except as otherwise permitted herein, Consumers shall not be permitted to exclude other Consumers. Moreover, group or *en masse* exclusions shall not be permitted. A request for exclusion must be submitted by each Consumer on an individual basis, and any request for exclusion by a purported authorized agent or representative of a Consumer must, in addition to those additional requirements set forth herein, also include proof of the representative's legal authority and authorization to act and request exclusion from the terms of this Agreement on behalf of each individual Consumer they seek to exclude.

9. The Administrator shall monitor and record all opt-out requests received and shall file a report with the Court through the OAG __ [90] days following the date of entry of this Order.

10. Any comments or objections to the Settlement must be mailed to the Court, with a copy provided to counsel for the OAG and counsel for Corteva. These must be received no later than __ [70] days following the date of entry of this Order. To be valid, any objection must include:

(a) the objector's full legal name, address, telephone number, and email address (if any);

(b) information identifying the objector as a Consumer, including proof that the objector is a Consumer (*e.g.*, copy of invoice showing purchase between October 27, 2018 and the date the notice is published, inclusive, of Corteva-branded Crop Protection Products subject to the Action);

(c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(d) the identity of all counsel representing the objector, including the identity of all counsel who will appear at the hearing to consider Final Court Approval;

(e) a list of all persons who will be called to testify at the hearing to consider Final Court Approval in support of the objection;

(f) a statement confirming whether the objector intends to personally appear or testify at the hearing to consider Final Court Approval; and

(g) the objector's signature and the signature of the objector's duly authorized attorney, if any.

11. The OAG shall file a motion for final approval of the Settlement no later than __ [100] days following the date of the entry of this Order.

12. A final approval hearing shall be held before this Court on ______________________________ [INSERT DATE], at the United States District Court for the Eastern District of Arkansas, Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Courtroom 2D, Little Rock, AR 72201. At the Fairness

Hearing, the Court will consider the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved.

IT IS SO ORDERED.

DATED: ______________________

______________________________________
THE HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE